## DEDMAN V. EARLE.

1. MORTGAGES: *Filing for record.*

The placing of a mortgage in the hands of the Recorder with verbal instructions to file but not to record it, is not a filing for record. And where a mortgage thus left with the Recorder was filed and registered under directions given on a subsequent day, the mortgagee acquired no lien by its filing prior to the time when the instruction to record it was given. In such case it was of no effect to mark the instrument filed as of the day on which it was handed to the Recorder.

2. SAME: *Filing without recording.*

In order that a mortgage may become a lien on personal property against strangers, without being filed for record, as provided for in Mansf. Dig., sec. 4750, the words, "this instrument is to be filed but not recorded," or words of similar import, must be indorsed upon it, and signed by the mortgagee, his agent or attorney; and it must then be filed with the Recorder.

3. CONDITIONAL SALES: *Exchange of property by purchaser: Right of vendor.*

The vendee of personal property sold on condition that the title shall remain in the vendor until the purchase money is paid, may before payment exchange the property thus purchased for other property. But such barter will not affect the vendor's title to the property received from him, and confers on him no right to the property for which it is exchanged.

APPEAL from *Cleveland* Circuit Court.

C. D. WOOD, Judge.

*R. C. Fuller* and *Met. L. Jones*, for appellant.

The mortgage of Earl was not a lien on the horse until he instructed the Recorder to record it. *Mansf. Dig., sec. 4750; 37 Ark., 507; 33 id., 387.*

An unrecorded mortgage, or one improperly recorded, is not a lien against a stranger even though he have actual knowledge. *40 Ark., 536.* See, also, *Jones Ch. Mort., sec. 66.*

In conditional sale the title remains in the vendor, but if the vendor takes a mortgage to secure his debt, he loses his general ownership and must look to his mortgage. *48 Ark., 164.*

In replevin plaintiff must prove title either as general or special owner. *Chitty Pl., p. 213; 25 Ark., 458.* In this case Earl relied on his special title, but that fails because appellant's first became a lien. *37 Ark., 507.*

Earl's mortgage was void for duress. *2 Bay. (S. C.), 211; 9 Johns., N. Y., 201; 10 Pet., 137.* See, generally, *2 Watts. (Penn.), 167; 1 Ball. (S. C.), 84; 6 Mass., 511; 6 N. H., 508.*

*Ratcliffe & Fletcher*, for appellee.

The mortgage was filed Monday, August 11, and the fact that it was handed the Clerk on Sunday does not affect the filing on Monday. It was sufficient to deposit in the Clerk's office on Monday as a permanent record. *43 Ark., 144; 28 id., 244.*

Dedman v. Earle.

The complaint alleged general ownership, and any evidence of interest which will sustain the right of possession was competent. The affidavit is not part of the pleadings. *8 Ark., 463; 34 id., 111; 38 id., 413.*

Even if Earl's mortgage was void for duress, he could recover on his title, for the horse stood in the place of the mule. *Schouler on Bailment, sec. 3; 2 Schouler on Per. Prop., 703; 42 Ark., 186.*

McElroy in executing the mortgage did nothing but his duty, and there was no duress. *33 Ark., 156; 18 id., 214.* But the jury decided these questions, and this court will not disturb their findings.

BATTLE, J. This was an action instituted by appellant against appellee to recover the possession of a horse. Each party claims under a mortgage executed by Thomas McElroy. Appellee sent his mortgage by an agent, and caused it to be delivered to the Recorder, with instructions to file, but not to record it. The words, "this instrument is to be filed but not recorded," or words of like effect or substance, were not indorsed upon it. The Recorder made no indorsement, but laid it away and waited to see appellee. In the meantime appellant filed his mortgage with the words, "this instrument is to be filed but not recorded," indorsed thereon and signed. After this appellee paid the Recorder, and directed him to file and record his mortgage. The Recorder then marked it filed as of the day on which it was handed to him, which was a day prior to the day of the filing of appellant's mortgage, and he then recorded it.

According to the foregoing facts the mortgage of the appellee was not filed for record until he instructed the Recorder to register it. The placing of it in the hands of the Recorder and verbally instructing him not to register it was not a filing for record. *Bowen v. Fassett, 37 Ark., 507.* Instructions given by appellee to his agent, but not delivered to the Recorder,

1. MORTGAGES:
Filing for record.

Dedman v. Earle.

were of no avail, as the Recorder could only be governed by the instructions which he received. Appellee acquired no lien by the filing of his mortgage until the instruction to record was given. The antedating of the filing was of no effect.

In order for a mortgage to become a lien on personal property against strangers, without being filed for record, the words, "this instrument is to be filed but not recorded," or words of like import, must be indorsed upon it, and signed by the mortgagee, his agent or attorney, and it must then be filed with the Recorder. When this is done the statute provides that it shall be marked "filed" by the Recorder, with the time of filing upon the back of it, "and that he shall file the same in his office, and it shall be a lien on the property therein described from the time of filing, and the same shall be kept there for the inspection of all persons interested; and said instrument shall be thenceforth notice to all the world of the contents thereof without further record except therein provided." *Mansf. Dig., sec. 4750.*

2. SAME: Filing without recording.

Appellant alleges that appellee caused McElroy to be arrested for larceny, and while he was under arrest proposed to him that if he would secure him in the payment of certain debts by a mortgage upon the horse in controversy, he would not prosecute him, and he should be discharged; and that while he was under arrest McElroy accepted the proposition and executed the mortgage, and was thereafter discharged; and contends that the mortgage is void, because it was executed under duress and is contrary to public policy. On the other hand appellee insists that if it be true the mortgage is void, he is entitled to recover the horse, because he says he sold a mule to McElroy on the condition the mule should remain his until the purchase money was paid; that it had not been paid; and that McElroy had traded the mule and received the horse in exchange without his consent. But it is unnecessary to pass upon all these contentions. The purchase money was not due until long after the exchange

3. CONDITIONAL SALES: Exchange of property: Right of vendor.

was made. If it be true that appellee reserved the title to the mule until the purchase money was paid, McElroy had an interest in the mule which he could sell. He did not become a mere custodian of the mule. He had a right to sell him at such a profit as he could make. *McRae v. Merrifield, 48 Ark., 160; Vincent v. Cornell, 13 Pick., 294; Day v. Bassett, 102 Mass., 445.* His vendee would take only such interest as he had. All appellee was entitled to was his purchase money or the mule. He had no right to the profit, if any was gained. When McElroy traded for the horse the mule still remained appellee's, subject to the condition of the sale. By what means did the horse become his property? He could not treat the exchange as a wrongful conversion of the mule, and elect to waive the tort, and by ratification convert the horse into his own property. That would be entirely inconsistent with the rights acquired by McElroy through the conditional sale. But he did not make such election. On the contrary, he elected to treat the horse as the property of McElroy, and so continued to treat him until other persons acquired an interest in him. He sought to encumber him by a mortgage to secure McElroy's debts, and in the institution of this suit, asked for the possession of him under that mortgage. The horse did not become the property of appellee by the exchange.

Reversed and remanded for a new trial.