HYATT v. BELL.

Opinion delivered July 1, 1907.

SALE OF CHATTELS—RESERVATION OF TITLE—WAIVER.—A, holding B's note
for the purchase of chattels, of which he retained title until paid for,
consented that B mortgage the chattels to C, and that C hold the
note as collateral security to be returned to A when the mortgage
was paid; C transferred the mortgage to a bank, and returned the
note to A, who thereupon after maturity transferred the note to D.
*Held*, that D. was not entitled to recover the chattels as against the
bank.

Appeal from Hempstead Circuit Court; *Joel D. Conway,*
Judge; reversed.

### STATEMENT BY THE COURT.

In July, 1902, W. J. Old being the owner of certain machin-
ery and property used in printing, to-wit: one Chandler & Price
jobber, one Chandler & Price paper cutter, three double-type
stands and one cabinet, filled with job and display type, and
two hundred and fifty pounds of body type, he sold the same to
H. A. Turner for the sum of four hundred dollars. Turner
executed a note for that sum to Old payable on or before Novem-
ber, 1903, with interest at ten per cent. This note contained
the following provision: "It being hereby expressly agreed and
understood by and between the parties hereto that the title to
said property shall be and remain in the said W. J. Old until
this note is fully paid."

On the 6th day of November, 1902, Turner mortgaged this
property to J. B. Hill to secure a loan of $375. This mort-
gage was made with the consent of Old, and Old as additional
security for the loan deposited with Hill the note of Turner to
him for $400, which showed that the title to the property was
retained by him. The money obtained from Hill was paid to
Old, and this is why he consented to help secure the loan by the
deposit of the Turner note. It was agreed between Old and
Hill, at the time the note was deposited, that when Turner paid
Hill then Hill should return the Turner note to Old.

When the note of Turner to Hill fell due, Turner, being
unable to pay it, induced the Bank of Ozan to take a transfer
of the note and mortgage from Hill and to pay Hill the face

value of the note. In other words, the Bank of Ozan at Turner's request bought the note and mortgage he had executed to Hill.

At the time this purchase was made by the cashier of the bank, Hill told the cashier that he held the note which Turner had given Old, but that he had promised to return the note when his debt was paid. The cashier said that he had no objection to the note being returned, and the note was returned to Old. The cashier testified that there was nothing said about the title to the property being retained in the note, and that he had never seen that note. Afterwards when Turner failed to pay the note the mortgaged property was sold under the mortgage, and all of it, with the exception of the Chandler & Price paper cutter, was purchased by Hyatt, and he still holds possession of it. In the meantime Old had transferred the note executed by Turner to him in which the title to this property was retained by Old to E. M. Bell. The indorsement of the note is, "Transferred to E. M. Bell," without any date, but the evidence tends to show that it was after the maturity of the note. It was after the mortgage of the property to Hill, and after Hill had sold his note and mortgage to the bank, for the note was not sold by Old until it was returned by Hill, and Hill did not return it until he sold to the bank.

Afterwards Bell brought this action of replevin to recover the property from Hyatt.

There was a verdict and judgment in favor of Bell, and Hyatt appealed.

*W. C. Rodgers*, for appellant.

By the assignment Bell acquired the rights and interest of Old, and became subject to the same defenses as the assignor would be. 11 Ark. 104, 111; 57 *Id.* 441-3; 13 *Id.* 522-31; 22 *Id.* 277, 285; 38 *Id.* 127-132; 39 *Id.* 306-9. He took the paper subject to all the equities that might be set up against the transferrer. Tiedeman, Com. Paper, § 247; 118 N. Y. 339; 63 Pac. 628; 101 U. S. 68; 60 S. W. 537; 59 Pac. 543. He was a mere assignee and not a *bona fide* holder for value. 121 N. C. 122; 87 Fed. 669; 60 S. W. 537; 95 Ga. 69.

*Sain & Sain,* for appellee.

Substantial justice has been done, and this court will not reverse for matters of form. 34 Ark. 93, 103. Appellant cannot complain that the court failed to submit an issue to the jury if he failed to ask an instruction thereon. 75 Ark. 76. It is not the duty of the court to give the whole law unless asked to do so. 76 Ark. 416; 75 *Id.* 373; 77 *Id.* 455.

RIDDICK, J., (after stating the facts.) This is an appeal by Hyatt from a judgment in an action of replevin brought by Bell against him in the Hempstead Circuit Court for the recovery of a "jobber," paper cutter, type stands and type such as is used in a printing office. The facts which are set out in the statement of facts are practically undisputed. The court in his charge to the jury told them in substance to find for the defendant "unless," to quote the language of the instruction, "you believe that when Hill sold to the Bank of Ozan the note and mortgage executed by Turner to Hill he told Clark, the cashier of the said Bank of Ozan, of the note he held belonging to W. J. Old, and that Clark, acting for the Bank of Ozan as its cashier, purchased the note and mortgage from Hill without the Old note, and thereby waived the rights secured by Old in the note executed by Turner to him; and if you so believe, your verdict will be for the plaintiff." This instruction was excepted to by the defendant. It is not disputed that Hill at the time he sold the note to the bank told the cashier of the bank that he held a note executed by Turner to Old, and that the bank purchased the note and mortgage from Hill without the Old note. This instruction was erroneous and misleading for the reason that it left it to the jury to say whether, under the facts stated, the rights of Old to the property were not superior to those of the bank, whereas there is nothing in the evidence to justify such a finding. The facts are that Old held a note from Turner reciting that the title of the property in controversy should be in Old until Turner paid the note. After this Turner, with the knowledge and consent of Old, mortgaged the property to Hill to secure a loan from Hill to Turner. This loan, though made on a note and mortgage executed by Turner, was in fact intended for the benefit of Old, who actively assisted in inducing Hill to make the loan, and who received the benefit of the loan when it was made. But Hill, knowing that Old held a note

from Turner reciting that the title of the property was in Old, refused to make the loan until Old had delivered him this note to be held as additional collateral. Hill then held not only the note of Turner to him for the amount of the loan and a mortgage on the property in controversy executed by Turner with the consent of Old, but also the note Turner had given to Old for the property. But, even had Old retained the note, still, as he had consented to the mortgage, his rights were subordinate to those of the mortgagee. It was no doubt prudent for Hill to hold the note also to prevent other parties to whom it might be transferred from being misled by it, but his right to hold the property as against Old did not depend on the note but on the mortgage also. When this note was delivered to Hill by Old, Hill promised to return it to Old so soon as Turner paid the note he had executed to Hill for the loan. When the note to Hill became due, Turner was unable to pay it, and he induced the Bank of Ozan to purchase the note and mortgage from Hill. But this was not a payment of the note by Turner, and it did not entitle Old to a return of his note, for the agreement was to return it when Turner paid the note to Hill. And the note to Hill was never paid by Turner until the property mortgaged had been sold under the power contained in the mortgage and purchased by defendant. But, after the bank purchased the note and mortgage from Hill and paid him therefor, he returned to Old the note which he had deposited as collateral. The cashier of the bank consented to the return of this note to Old, but at that time the cashier had never seen the note and did not know that it contained a stipulation that the title should remain in Old until the note was paid. But there was nothing in this act of the cashier, even if he had known these facts, to estop the bank from asserting its rights under the note and mortgage it had purchased, as against Old or anyone purchasing from him. On the contrary, Old, having consented to the mortgage of this property to Hill and induced him to make the mortgage, thereby waived, as against the mortgagee or those holding under him, any right to assert, as against them, the title retained by him in the note from Turner.

The plaintiff, who brings this action to recover the property mortgaged, claims it by reason of a transfer of the Old

note to him. This transfer was made after the maturity of the note; though, as this is not a suit on the note, that may not be material. The defendant holds by a purchase under the mortgage, and, as we have stated, the undisputed facts of the case make out a clear case in his favor; and we are of the opinion that the motion for new trial should have been granted.

Judgment reversed, and cause remanded for further proceedings.