BELL *v.* OLD.

Opinion delivered November 16, 1908.

1. ELECTION OF REMEDIES—CASE STATED.—Where the terms of a written guaranty required the guarantee to bring a suit to enforce a reservation of title upon certain personal property before suing to hold the guarantor liable, it was error to hold that by suing to enforce the reservation of title, which suit proved futile, the guarantee elected not to sue upon the guaranty. (Page 105.)

2. SALE OF CHATTELS—RESERVATION OF TITLE—WAIVER.—A vendor of chattels waives a reservation of the title where he consents to the execution of a mortgage by the vendee—at least as to the mortgagee and those claiming under him. (Page 106.)

3. VERDICT—SUFFICIENCY.—A general verdict upon a money obligation will be enforced, though the amount found due is not stated, if the amount is not in dispute. (Page 107.)

4. SAME—WHEN ENFORCED.—Where the jury returned a proper verdict for plaintiff, and the court erroneously refused to receive it and directed a verdict for defendant, the cause will be remanded with directions to enter the verdict for plaintiff. (Page 107.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; reversed.

STATEMENT BY THE COURT.

In 1902 Old was the owner of a certain printing plant, and sold a half-interest in it to Turner for $400. Turner executed the following note:

"Nashville, Arkansas, July 21, 1902.

"On or before November 1st, 1903, I promise to pay to the order of W. J. Old the sum of four hundred dollars with interest from date until paid at the rate of ten per cent. per annum.

This note is given for a part of the purchase money for the following property: one Chandler & Price jobber, one Chandler & Price paper cutter, three double type stands and one cabinet, all filled with job and display type, 250 lbs. of body type and all other fixtures in and now belonging to the *Howard County Times* office at Nashville, Arkansas. It being hereby expressly agreed and understood by and between the parties hereto that the title to said property shall be and remain in the said W. J. Old until this note is fully paid, and that in case default is made in the payment of same he is hereby empowered without legal process to sell a sufficiency of said property to pay this note and interest.

"Witness our hands this 21st day of July, 1902.

[Signed] "H. A. TURNER."

Note indorsed:

"Transferred to E. M. Bell, 1 yr. 5 mo. 17 ds. $58.53. Credit by work 2-23-04 $105.59."

Subsequently, Turner mortgaged the property to J. B. Hill to secure a loan of $375. This mortgage was made with the consent of Old, and Old delivered to Hill as additional security the Turner note. The money obtained from Hill was paid to Old. It was agreed at the time that the Turner note was delivered to Hill that when Turner paid Hill the mortgage debt Hill should return the note to Old. When the mortgage became due, instead of paying it, Turner induced the Bank of Ozan to purchase it from Hill. The bank did not know that the Turner note contained a reservation of title, and consented that it be returned to Old, relying entirely upon the mortgage as its security for the note to Hill which it then purchased. Turner defaulting in the payment of the mortgage note, the Bank of Ozan foreclosed the mortgage, and Hyatt purchased most of the property at the mortgage sale. After the Turner note had been returned to Old, Old entered into negotiations with Bell for the purchase of an undivided one-half interest in a livery stable, and after pending for some time a trade was made. Old delivered the Turner note to Bell in part payment of the purchase price of the stable, and, either during the negotiations or when the sale was consummated—there is a conflict in the evidence upon that point—delivered the following guaranty to Bell:

"KNOW ALL MEN BY THESE PRESENTS: That W. J. Old, of Nashville, Arkansas, to whom E. M. Bell has executed a bill of sale to me, bearing even date herewith, for an undivided one half interest in the livery property known as the Arkansas Stable, situated in Nashville, Arkansas, have assigned, transferred, delivered and set over to E. M. Bell a certain promissory note for $400 with 10 per cent. interest from November 1st, 1903, executed July 21st, 1902, by H. A. Turner to me, and under term of said note a vendor's lien being reserved on certain printing press, type, and so forth, as described in said note, the transfer of said note being in part consideration of the purchase money for the livery property referred to herein and the assignment of said note by me, and its acceptance thereof by the said E. M. Bell being upon the condition hereby expressly well understood by and between us, that is to say: 'In the event the said H. A. Turner note be not paid within such time as may be agreed upon by the said H. A. Turner and E. M. Bell, and the said E. M. Bell has to foreclose and enforce the vendor's lien therein reserved, and in doing so becomes the purchaser or owner of the printing press, type and material mentioned, then in that event I hereby covenant and bind myself to take the said property at a sum equivalent to the amount due on the note, including the interest from November 1st, 1903, and the cost of foreclosure of said note, and to pay cash therefor immediately after the said E. M. Bell becomes the purchaser or the owner of the said printing press, type and machinery by virtue of such foreclosure, in the event such steps have to be taken for its collection, and intending hereby to guaranty the payment of said note.'

"In testimony whereof I have hereunto set my hand on this the 1st day of February, 1904.

[Signed] "W. J. OLD."

Bell says that the guaranty was a part of the sale, and an inducing cause thereof; while Old says that after the guaranty was executed and delivered there was a subsequent agreement before the trade was closed by which it was cancelled and annulled, and that Bell took the Turner note without the guaranty, and was to return the written instrument but neglected to do so.

Turner defaulted in paying his note to Old, which, as stated, was last transferred to Bell; and Bell brought a replevin suit against Hyatt to recover the printing plant, which had passed into his hands under the mortgage foreclosure, and obtained judgment therefor. Hyatt appealed, and the judgment was reversed. *Hyatt* v. *Bell,* 83 Ark. 360.

After losing this case, Bell brought this suit against Old and Turner, seeking to recover against Turner on the note and against Old on the guaranty. He admitted a credit growing out of a transaction, not material here, which was indorsed upon the note, amounting to $105.59, and sued for the balance and also for $60, the amount of costs expended in his suit against Hyatt. Defendant Old answered, alleging two defenses: First, that the guaranty had been cancelled by agreement and had never become effective; and, second, that the suit of Hyatt against Bell was an election to pursue the property, and precluded suit on the note. Turner answered, setting forth an election in said suit to proceed against the property, and alleging that the plaintiff could not shift his position and demand the purchase price of the property described in the note.

On the trial, the facts above outlined were adduced, and Bell asked the court to give instructions numbered 1 and 4, which the court gave but with this modification, "unless you further find that plaintiff, before bringing this suit, elected to pursue the property, as defined in these instructions," making said instructions read as follows:

"No. 1. The court instructs the jury that the burden of proof is upon the defendant to prove by a preponderance of the evidence that the guaranty given by him to the plaintiff was cancelled before the trade between them for the purchase of the livery stable was consummated; and if he fails to do so your verdict will be for the plaintiff, unless you further find that plaintiff, before this suit, elected to pursue the property, as defined in these instructions.

"No. 4. You are instructed that if you believe from the evidence that W. J. Old sold the note to E. M. Bell, and in writing guarantied the payment of said note, your verdict will be for the plaintiff for the balance due on said note as shown by the evidence, unless you further find that plaintiff elected to pursue the property as defined in these instructions."

The court also gave the following instruction at the instance of the plaintiff:

"No. 5. The court instructs the jury that, before the defendant can recover in this action, he must prove by a preponderance of the evidence that the guaranty was cancelled before the trade was consummated; and if it was cancelled after the trade was made, then it would take a consideration moving between the parties to cancel the guaranty."

At the instance of the defendant the court gave the following instruction:

"No. 1. A vendor of chattels who has reserved the title until the purchase price is paid has, in default in payment thereof, a right to make an election among two remedies, to-wit. 1st. He may retake the property, and thus in effect cancel the debt; or 2d. He may sue to recover the debt, and thus affirm the sale and waive the reservation of title. So in this case, if you believe from the evidence that after the maturity of the note sued on plaintiff E. M. Bell instituted suit in replevin against one J. J. Hyatt and H. A. Turner, who were then in possession of said property, and alleged in said suit that he was the owner thereof, he will now be precluded and estopped to maintain this action against either of the defendants to recover the purchase price of the said property."

"No. 2. If you believe from the evidence that W. J. Old guarantied the payment of the note sued on, and subsequent to said guaranty the said plaintiff brought suit in replevin against one J. J. Hyatt to recover possession of the property described in said note, he thereby elected to disaffirm the sale of said property, and cannot now maintain his suit against the defendant, Turner, to recover the purchase price of said property, or the defendant, Old, upon the guaranty of the payment of the said note, which represents the purchase price of said property."

The jury returned this verdict: "We, the jury, find for the plaintiff, E. M. Bell." The court refused to accept the verdict, and thereupon gave the jury a peremptory instruction to return a verdict in favor of the defendants, which the jury did, upon which verdict judgment was rendered for the defendants, and the plaintiff has appealed.

*Sain & Sain,* for appellant.

1. Appellant in this suit could not be estopped on the question of election, because different parties are sued from those in the former suit, and because an election is not binding where it is made without fault and in ignorance of material facts, if other parties' rights have not thereby been prejudiced. 65 Ark. 278; 128 Mass. 152; 67 Ark. 206; 111 Ind. 351; 86 Ia. 283; 66 Miss. 258; 68 Miss. 603; 7 Enc. Pl. & Pr. 366. Old has lost no rights; neither has his interest been affected in any way, except by his own waiver of whatever rights he had under the note when he consented for Turner to mortgage the property to Hill; and Turner's rights have not been affected by the former suit. 83 Ark. 360. See also 13 Cal. 133; 50 Cal. 328; 91 Ia. 406.

2. The court should have given the instruction requested by appellant without modification. The question of election should not be submitted to a jury.

3. It was manifest error to refuse to accept the verdict first returned, and to direct them to return a verdict for appellee. Such action was tantamount to refusing instruction No. 5 requested by appellant.

*W. P. Feazel*, for appellee.

1. A vendor of chattels who has reserved title in himself until the purchase price is fully paid may, upon maturity of the debt, pursue either of two remedies: he may elect to retake the property, and thus in effect cancel the debt, or he may bring an action to recover the debt, thereby waiving reservation of title and affirming the sale; but he cannot pursue both remedies. 78 Ark. 573. The fact that Old consented to the mortgage was developed at the trial of the former suit, and that was the proper time for him to change his position, and he cannot be allowed now to set up mistake or ignorance of material facts as an excuse for his election. 67 Ark. 206. The claim that the parties are not the same in this suit as in the former is not tenable as an excuse for this action. The maker of the note was sued in that case, and appellant by reason of his election placed it beyond the power of Old to maintain a suit against Turner to recover the purchase price of the property mentioned in the note. 66 Ark. 240. If Old, by reason of appellant's election, has been deprived of a valuable right—recovery of the debt

from Turner—the appellant, being responsible for that loss, should be the sufferer.  87 Ia. 56; 43 Am. St. Rep. 354.

2.  If, as a matter of law, no recovery can be had upon any reasonable view of the facts developed in evidence, or if there be no question about the facts, it is the duty of the court to direct the verdict.  69 Ark. 562; 71 Ark. 445; 75 Ark. 406.

3.  This is a suit for the recovery of money.  If appellant was entitled to a verdict at all, it was for some specific amount. The first verdict of the jury was not responsive to the issue, not being for a specific amount, and was therefore void.  No judgment could have been rendered on it.  Kirby's Dig., § 6209; 25 Ark. 183.

HILL, C. J. (after stating the facts).  This case is a sequel to *Hyatt* v. *Bell,* 83 Ark. 360.  The material facts in regard to the origin of this litigation may be found therein stated; the other material facts are in the preceding statement.  An important matter in this case is the sharp conflict in the evidence as to whether the guaranty was cancelled by agreement after its execution.  This was submitted to the jury in several instructions.  It must be taken from the verdict returned by the jury under those instructions that they found in favor of Bell upon that issue.  The instructions were erroneous wherein they submitted to the jury the question of an election of remedies growing out of the suit of Bell against Hyatt.  There was no election of remedies by virtue of that suit which would preclude Bell from maintaining this suit, and the court should have so instructed the jury as a matter of law, and only left for their determination the question of fact above indicated, as to whether the guaranty was effective or whether it had been cancelled before the trade for the half interest in the livery stable was consummated.

The principle is well established that a vendor of chattels who has reserved title until the purchase price is paid may, upon default of payment, retake the property and thereby cancel the debt, or he may sue to recover the debt and thereby affirm the sale—in which case he looks to the debtor and not to the property; in the other case he looks to the property and not to the debtor.  But that principle does not apply here.  The Turner note contained reservation of title.  The guaranty erroneously

describes it as retaining a vendor's lien upon the printing plant. The two rights are different. A vendor's lien on personal property can only be created by suit, and only when the property is in the hands of the vendee. When it passes out of the hands of the vendee, the right to create a vendor's lien against it is gone. When the title to personal property is reserved, the title does not pass, and the property may be retaken upon default in the payment.

When default was made on the Turner note, which was owned by Bell, the property had passed out of the hands of Turner, having been mortgaged to Hill, which mortgage was purchased from Hill by the Bank of Ozan. This mortgage was made with the consent of Old, and he thereby waived any right to pursue the property and create a vendor's lien upon it, as his action in consenting to the mortgage of it placed it beyond the possibility of that remedy being available to him or his transferree (after maturity) of the note. But, as seen, that right did not in fact exist, as the note reserved the title, and not a lien; but his action in consenting to the mortgage of it was equally a waiver of the reservation of the title, in so far as the mortgagee and those holding under him were concerned. This action of his in consenting to the mortgage defeated Bell from recovering the property in the suit of *Hyatt* v. *Bell.* The guaranty by its terms only became effective in the event that the Turner note was not paid, and Bell had "to foreclose and enforce the vendor's lien therein reserved." Therefore, in order to make the guaranty effective, Bell was required to attempt to foreclose and to enforce a vendor's lien. The only action that was open to him was to seek to recover the property in a replevin suit, in order that he might then bring suit to enforce a vendor's lien or maintain his replevin suit upon the reservation of title. Old's action, as heretofore shown, in consenting to the mortgage defeated that suit. There was no record notice of this conduct, and no showing that Bell had actual knowledge of it when he brought that suit. It was a fact developed in that litigation. To permit him now to defeat Bell's suit on the guaranty on account of Bell having brought this necessary suit in order to hold the guaranty would be to enable him to profit by his own act in derogation of Bell's rights, and to which Bell was not a party. The terms of

the guaranty having required him to pursue this remedy, although the remedy may be erroneously described in it, before it became effective, Bell was required to pursue the only course open to him—that is, to seek to recover the property. And, now that he has exhausted that remedy, then the terms of the guaranty bring into being his remedy upon it, and he should be entitled to recover upon it. The jury has settled the only open question in the case, that is, whether the guaranty was cancelled or effective, and, having decided the latter, then it was the duty of the court to have entered judgment upon the verdict first rendered by the jury.

It is objected that said verdict is insufficient to render judgment upon it, because the amount of recovery is not therein stated. This amount is undisputed. The face of the note and the guaranty show that the principal was $400 with interest. There was a credit upon the note of $105.59. There was an allegation in the complaint, which was not denied in either answer, that the plaintiff had expended for costs $60 in his suit with Hyatt. The amount being undisputed, the court should have directed it inserted in the verdict, or rendered judgment upon the verdict as it stood for the undisputed amount.

The court committed two errors: First, in giving the instructions which he did at the instance of the defendant (appellee) in regard to the election of remedies, and in modifying those that he gave at the instance of the plaintiff (appellant) so as to embrace the same question. These instructions placed an additional burden upon Bell which he should not have been compelled to carry, and which the jury evidently disregarded. This is not prejudicial error as to the appellees. The only real issue in the case—whether the guaranty was effective or whether it was cancelled—was properly submitted in instructions numbered 1 and 4 and 5 given at the instance of the appellant and No. 3 given at the instance of the appellee.

The other error of the court was in giving a peremptory instruction for a verdict in favor of the defendant. This error occurred after the proper verdict had been returned, and it is unnecessary to order a new trial on account of it. *Harris v. Graham,* 86 Ark. 570.

The judgment is reversed and cause remanded with direc-

tions to enter judgment upon the verdict first rendered, for the amount of the note and interest, less the credit thereon, against Turner and Old, and the additional sum against Old of $60 for the costs expended in the Hyatt suit.

Mr. Justice BATTLE concurs in the reversal, but not in directing judgment entered on the first verdict.