## SETTLES v. STATE.

### Opinion delivered November 8, 1909.

1. EMBEZZLEMENT BY BAILEE—CONDITIONAL SALE.—A delivery of chattels upon a sale made on condition that the title shall not pass until payment of the purchase money is not a bailment within Kirby's Digest, §

1839, prescribing the punishment where a bailee embezzles goods in his possession. (Page 204.)

2. DEFINITION—"BAILEE."—The term "bailee" in the statute defining larceny by a bailee (Kirby's Digest, § 1839) is used not in its large but in its limited sense, as including simply those bailees who are authorized to keep, transfer or deliver, and who receive the goods *bona fide,* and then fraudulently convert; and where it does not appear that a fiduciary duty is imposed to return the specific goods of which the alleged bailment is composed, a bailment is not constituted. (Page 205.)

Appeal from Pulaski Circuit Court, First Division: *Robert J. Lea,* Judge; reversed.

*John D. Shackelford* and *Robt. L. Rogers,* for appellant.

In an indictment for embezzlement, the property should be as accurately described as if the charge were larceny. 42 Ark. 517. Unless appellant was to pay over to his vendor the identical money received for the piano, he was not a bailee under the statute. 51 Ark. 125; Schouler on Bailments, § 2. Even where title is retained until paid for, the vendee acquires such an interest in the property that he may sell it. 52 Ark. 168. When the court is requested to put his charge in writing, it is error to give it orally. 72 Ark. 398. The vendee had such interest that he might sell. 48 Ark. 160; 54 Ark. 30; 63 Ark. 268; Mechem on Sales, § § 483, 561, 587, 588, 591, 592 and 599.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

HART, J.  R. H. Settles has appealed from a judgment of conviction of larceny by embezzlement.

The facts as developed by the State at the trial, briefly stated, are as follows: In September, 1907, J. C. Womble delivered to the defendant, R. H. Settles, a piano upon the understanding that Settles should repair it and sell it for $60. The piano remained in the possession of Settles until the 1st of August, 1908, at which time, by a contract in writing, the piano was sold to Settles for $50 upon condition that the title should remain in Womble until the purchase price was paid. Settles never paid any part of the purchase price, and on the 3d day of August, 1908, sold the piano to Miss Bertha Guebel for $25.00. He sold the piano without the knowledge or consent of Womble,

and represented to Miss Guebel that it belonged to him, and that he had a right to sell it.

The indictment was found under section 1839 of Kirby's Digest, which is as follows: "If any carrier or any bailee shall embezzle or convert to his own use or make way with or secrete with intent to embezzle or convert to his own use any money, goods, rights in action, property, effects or valuable securities which shall have come to his possession, or have been delivered to him, or placed in his care or custody, such bailee, although he shall not break any trunk, package, box or other thing in which he received them, shall be deemed guilty of larceny, and on conviction shall be punished as in cases of larceny."

The record, as amended on certiorari, contains a correct copy of the indictment. The indictment contained all the essential allegations necessary to a charge of larceny by embezzlement under the statute quoted, as approved by this court in the following cases: *Fleener* v. *State,* 58 Ark. 98; *Dotson* v. *State,* 51 Ark. 119; *Ritter* v. *State,* 70 Ark. 472. The views we shall hereinafter express renders a more extended discussion of the indictment useless. Was the defendant guilty as charged in the indictment?

This court has frequently held that the vendee of personal property, sold on condition that the title shall remain in the vendor until the purchase money is paid, acquires an interest in such property which he may sell or mortgage. *Phillips* v. *Hollenberg Music Co.,* 82 Ark. 9; *Sunny South Lumber Co.* v. *Neimeyer Lumber Co.,* 63 Ark. 269, and cases cited.

In discussing the question in the case of *Phillips* v. *Hollenberg Music Co., supra,* in regard to the sale of a piano, the court said: "The obligation of the appellant to pay the purchase money became absolute upon the delivery of the piano, and was not conditioned upon the vesting of the title in the purchaser.

In the case of *Dedman* v. *Earle,* 52 Ark. 164, where the subject of the conditional sale was a mule, the court said: "He (referring to the purchaser) did not become a mere custodian of the mule. He had a right to sell him at such a profit as he could make."

In the case of *Krause* v. *Commonwealth,* 93 Pa. St. 418, 39 Am. Rep. 762, the syllabus is as follows: "The owner of

horses delivered them to defendant under an agreement that the defendant was to buy them, the horses to remain the property of the owner till paid for, and to be returned at a specified period, if not paid for. The defendant refused to pay for them, or to return them. *Held* not larceny, nor larceny by a bailee."

In discussing a similar statute of that State the court said:

"The term 'bailee' is one to be used not in its large but in its limited sense, as including simply those bailees who are authorized to keep, to transfer, or to deliver, and who receive the goods *bona fide,* and then fraudulently convert. Where it does not appear that a fiduciary duty is imposed on the defendant to return the specific goods of which the alleged bailment is composed, a bailment under the statute is not constituted. Whart. Crim. Law, § 1855 (8 Ed.)."

The court said: "A delivery of chattels upon a sale made on condition that the title shall pass upon payment of the purchase money at a future day is something more than a bailment; it gives the buyer a conditional title." So in the present case the payment of the purchase money would have been a complete performance of the contract. Settles was not bound to return the identical property. He was something more than a bailee. He had an interest which he could sell or mortgage. Hence we conclude that Settles was not a bailee within the meaning of section 1839 of Kirby's Digest, under which the indictment was found, and that there was no evidence which would warrant the jury in finding a verdict of guilty.

Therefore the judgment will be reversed, and the cause remanded.