LODEN *v.* PARIS AUTO COMPANY.

Opinion delivered July 4, 1927.

1. SALES—INTEREST OF CONDITIONAL VENDEE.—The vendee of an automobile having paid part of the purchase price and been given possession under a contract retaining the title to the vendor until the payments were completed, had interest therein which he could sell or mortgage.

2. SALES—PURCHASE FROM CONDITIONAL VENDEE.—Where a conditional vendee of an automobile having paid part of the price and being in possession could sell or mortgage his interest, a purchaser from him was not chargeable as for its conversion where he sold it in the usual course of business, when he was without knowledge of the rights of the conditional vendor.

3. SALES—RIGHTS OF CONDITIONAL VENDOR.—The vendor of a chattel reserving title until price is paid, on breach of condition may retake the chattel and thereby cancel the debt or sue for the debt and thereby waive his title to the property.

4. SALES—ELECTION OF CONDITIONAL VENDOR TO SUE FOR BREACH.— A conditional vendor of a chattel, electing to sue for the debt on breach of a conditional sale of the vendee, *held* precluded from retaking the chattel.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; reversed.

*George W. Dodd,* for appellant.

*L. J. Arnett,* for appellee.

MCHANEY, J. On August 25, 1925, the appellee sold and delivered to S. H. Parsons a certain Dodge automobile for $817.50, of which $75.93 was paid in cash, and, for the remainder, two notes were executed, one for $517.50, payable $51.75 monthly, for which title was retained to the car, and one for $224.07 due December 15, 1925. No further payments were ever made by Parsons. Some time in 1926, the exact date not being shown, Parsons traded this Dodge car to appellant for a new Chrysler, and, on May 4, 1926, appellant sold the Dodge to Leo Bourland of Fort Smith, who, in turn, sold it to a man in Booneville. After appellee learned that Parsons had traded the car to appellant, and after appellant had sold it to Bourland, Mr. Wahl, on behalf of appellee, called on appellant and told him they had title to the car, and appellant advised him to get after Parsons. Thereafter, on June 28, 1926, appellee instituted this action against Parsons to recover on the notes and against appellant to recover the value of the Dodge car as for conversion. Appellee also sued out a writ of general attachment against Parsons, and the sheriff took the Chrysler car into possession under the writ. The People's Loan & Investment Company intervened in the attachment matter, claimed title to the Chrysler as holder of the notes executed by Parsons in part payment therefor, and on a hearing the court ordered the Chrysler delivered to intervener. Parsons did not answer, and judgment by default for the amount of the notes and

interest was rendered against him. Appellant demurred to the complaint. The court overruled the demurrer, and appellant excepted. Without waiving his demurrer, he answered, and a trial of the issues between them resulted in a verdict and judgment against appellant for $350, and he has appealed.

We think the demurrer should have been sustained. The complaint showed on its face that Parsons was a conditional vendee of the Dodge car; that he had paid a part of the purchase price, been given possession of the car under a contract of sale and purchase, which retained title thereto until all the payments had been made in accordance with the terms of the contract. Under such conditions this court has held in numerous cases that the vendee has such an interest in the chattel as he may sell or mortgage it.

Quoting from the first syllabus in the case of *Sunny South Lumber Co.* v. *Neimeyer Lumber Co.*, 63 Ark. 268, 38 S. W. 902, which is amply supported by the text of the opinion, it is said:

"The vendee of personal property, who pays part of the purchase price under an agreement that the title shall remain in the vendor until the purchase money is fully paid, has an interest in the property which may be mortgaged by him."

And in the case of *Dedman* v. *Earle*, 52 Ark. 164, 12 S. W. 330, the court said:

"If it be true that appellee reserved the title to the mule until the purchase money was paid, McElroy had an interest in the mule which he could sell. He did not become a mere custodian of the mule. He had a right to sell him at such a profit as he could make. [Citing cases]. His vendee would only take such interest as he had. All appellee was entitled to was his purchase money or the mule. He had no right to the profit, if any was gained. When McElroy traded for the horse, the mule still remained appellee's, subject to the condition of the sale. By what means did the horse become his property? He could not treat the exchange as a

*wrongful conversion of the mule,* and elect to waive the
tort, and, by ratification, convert the horse into his own
property., That would be entirely inconsistent with the
rights acquired by McElroy through the conditional
sale.''

In the recent case of *Fairbanks, Morse & Co.* v.
*Parker,* 167 Ark. 654, 269 S. W. 42, it is said:

''In conditional sales of personal property, where
the title is retained by the vendor until the purchase
price is paid, the· vendee acquires an interest which he
can sell or mortgage without the consent of the vendor,
but the vendor's right to recover the property, if the
purchase price of the property is not paid, is not prej-
udiced by such sale or mortgage.'' *Clinton* v. *Ross,* 108
Ark. 442, 159 S. W. 1103; *Estes* v. *Lamb & Co.,* 149 Ark.
369, 233 S. W. 99.

It will therefore be seen from the above decisions,
and many others that might be cited, that the selling of
the Dodge car by Parsons was not an act of conversion
on his part, as he had the rightful possession to the car
and the lawful right to sell it,' and there could be no
conversion on the part of appellant in accepting said car
and selling it in the usual course of business, especially
since he had no knowledge of any rights of appellee in
and to the car. This court held in the case of *Settles* v.
*State,* 92 Ark. 202, 122 S. W. 500, where such a conditional
vendee was indicted for larceny by embezzlement, having
sold a piano in which title had been retained in the seller,
that Settles had not committed any crime by making such
a sale. This case is unlike the case of *Newberger Cotton
Co.* v. *Stevens,* 167 Ark. 257, 267 S. W. 777, 40
A. L. R. 1279, cited by appellee, for the reason
that the facts in that case showed that A. L. Grey was
holding the cotton of Stevens in his warehouse as a bailee.
In other words, the cotton of Stevens was stored in
Grey's warehouse, and, while there, Grey delivered it to
the Lesser-Goldman Cotton Company in Fort Smith, to
whom he was indebted, together with other cotton, and
all of it was sold to the Newberger Cotton Company.

This was a conversion, as Grey had no interest in the cotton of Stevens as purchaser, or otherwise.

Then there is another rule that would preclude appellee from recovery against the appellant in this action, and this, too, appears on the face of the complaint, which makes the complaint open to demurrer, and that is that, where a vendor of chattels has reserved the title until the purchase price is paid, on breach of condition he has two remedies: One is to retake the chattel and thereby cancel the debt, and the other is to sue for the debt and thereby waive his title to the property. So, in such a case the vendor has the right to elect which remedy he will pursue, and, having elected to pursue the one, he is precluded from pursuing the other. One of the leading cases on this subject in this court is *Nashville Lumber Co.* v. *Robinson,* 91 Ark. 319, 121 S. W. 350. In that case the court said:

"For, if the appellant elected to retake the property, and thus in effect to cancel the debt before this suit was brought, then it could not thereafter sue to recover the purchase money also. When this debt became due and was unpaid, the vendor, having reserved the title until the purchase price was paid, had its election to take either of two courses. It could elect to retake the property, and thus in effect cancel the debt, or it could bring its action to recover the debt, and thus affirm the sale and waive reservation of title." Citing *Butler* v. *Dodson,* 78 Ark. 569, 94 S. W. 703. See also *Baker* v. *Brown Shoe Co.,* 78 Ark. 501, 95 S. W. 808; *White* v. *Beal & Fletcher Grocery Co.,* 65 Ark. 278, 45 S. W. 1060; *Bell* v. *Old,* 88 Ark. 99, 113 S. W. 1023. And in the case of *Hollenberg Music Co.* v. *Barron,* 100 Ark. 403, 407, 140 S. W. 582, 36 L. R. A. (N. S.) 594, Ann. Cas. 1913C, 659, this court quoted with approval from *Bell* v. *Old, supra,* as follows:

"The principle is well established that the seller of personal property who has reserved title until the purchase price is paid may, upon default of payment, retake the property, and thereby cancel the debt, or he may sue

to recover the debt, and thereby affirm the sale, in which case he looks to the debtor and not to the property; in the other case he looks to the property and not to the debtor.''

And in the more recent case of *Olsen* v. *Moody, Knight & Lewis, Inc.,* 156 Ark. 319, 246 S. W. 3, it is said:

''This court is committed to the doctrine that a vendor who has retained title in personal property until the payment of the purchase money has only two remedies for a breach of contract. He may either treat the sale as canceled and bring suit in replevin for the property, or may treat the sale as absolute and sue for the unpaid purchase money, and, in aid thereof, attach the property, under §§ 8729 and 8730, C. &. M. Digest.'' (Citing cases). ''There is no suggestion in any of the Arkansas cases that a third remedy is open to a vendor who has conditionally sold personal property.''

It necessarily follows, from what we have said, that the judgment of the circuit court was wrong, and must therefore be reversed, and, no cause of action appearing, the case will be dismissed. It is so ordered.