## NATTIN *v.* RILEY.

Decided December 6, 1890.

1. *Conditional sale—Exchange—Vendor's rights.*

    In a conditional sale of personal property reserving title until payment, where no demand for payment or the property has been made, the vendee, after maturity and before payment, may exchange the property, without conferring upon the vendor any right to the property for which the exchange is made.

2. *Equitable defense at law—Bill of sale—Mortgage.*

    In an action at law a defendant may set up the equitable defense that a bill of sale was intended to be a mortgage. (Mansf. Dig., sec. 5033.)

APPEAL from *Miller* Circuit Court.

W. H. ARNOLD, Special Judge.

*Scott & Jones* for appellants.

1.    A bill of sale, absolute on its face, cannot, in an action of law, be shown, by parol evidence, to have been intended as a mortgage.    Jones on Mortgages, Vol. 1, p. 282, 3d ed.; 36 Me., 562 ; 38 Ala., 89; 13 Mass., 443; 5 Minn., 178 ; 10 Mo., 483; 62 id., 202; 8 Kans., 380; 8 Conn., 117; 38 Ala., 125 ; 71 Me., 567; 5 Litt. (Ky.), 74.

2.    The appellee did not become the owner of the mare by reason of the trade for the horse.    12 S. W., 330.

BATTLE, J.    This was an action of replevin brought by J. H. Nattin against Mike Riley, before a justice of the peace, for the recovery of a bay mare.    On the trial Riley testified, in effect, that he, in 1883, sold to Jim Griggs a horse on a credit, and upon condition that the horse was to remain his property *until the debt contracted in the purchase of him was fully paid.*    In 1884 Griggs exchanged the horse for the mare in controversy, and let the plaintiff, J. H. Nattin, have her for the alleged consideration of $25, and executed to him a bill of sale.    Plaintiff permitted Griggs to remain in possession of the mare.    Afterwards Griggs sold and delivered her to the defendant, the consideration being the debt that Griggs owed to the defendant for the horse. The defendant was allowed, over the objections of the plaintiff, to introduce evidence, on the trial, tending to prove that the bill of sale executed by Griggs was a mortgage, and that the same had never been filed with a recorder.

The plaintiff asked, and the court refused to give to the jury, the following instruction:    "The jury are instructed that if they find from the evidence that defendant received from one Griggs a certain dun horse, and afterwards delivered to said Griggs said horse, to be his when he paid the defendant a certain debt due by said Griggs to defendant, and that afterwards one Belcher, without notice, traded to Griggs the mare in controversy for said horse, and that Griggs sold the

mare to plaintiff for a valuable consideration, and the plaintiff received from said Griggs an absolute bill of sale to said mare, then they will find for the plaintiff."

The result of the trial was a verdict and judgment for the defendant. Plaintiff filed a motion for a new trial, which was overruled; and he saved exceptions and appealed.

1. Conditional sale—Rights of vendor.   The horse sold to Griggs was to remain the property of the vendor *until the purchase money was paid.* It does not appear when the purchase money was due. Under such a contract, the mere omission of the purchaser to pay the purchase money at maturity "would not operate as a forfeiture of his rights under the contract, in the absence of a demand, on the part of the seller or his assignee, of payment, or of the property for non-payment of the price; and on such demand, even after the purchase money was overdue, the purchaser would have the right to pay the purchase price and retain the property which he received under the contract." *Taylor* v. *Finley,* 48 Vt., 78; *Hutchings* v. *Munger,* 41 N. Y., 155. Until such demand was made, Griggs had the right of possession and a right to use the horse and to dispose of his interest in him, such as it was. He had the right to exchange him for the mare; and she did not thereby become the property of his vendor. As there was no evidence that such a demand was made before the exchange, the instruction refused ought to have been given. *Dedman* v. *Earle,* 52 Ark., 164

2. Equitable defense at law.   It is contended by appellant "that a formal bill of sale, absolute in its terms, conveying personal property, cannot, in an action at law, be shown by parol evidence to have been intended as a mortgage." But this is not true. Under our code of practice in civil cases, all forms of actions are abolished, and the plaintiff in an action is entitled to whatever relief the principles of law or equity would entitle him; and the defendant "may set forth in his answer as many grounds of defense, counter-claim and set-off, whether legal or equitable, as he shall have." Mans'. Dig., sec. 5033. So justices of the peace, in cases coming before them, if they

have jurisdiction of the subject matter of the action, may apply and enforce equitable as well as legal principles, but cannot administer equitable remedies.   Consequently it was competent for the defendant to show by parol evidence that the bill of sale in question was intended for a mortgage, and that it was of no effect as to himself.   *Whitesides* v. *Kershaw,* 44 Ark., 377.

   This disposes of all the questions discussed here.   It is not necessary to decide any other.   For the error indicated the judgment of the circuit court is reversed, and this cause is remanded for a new trial.