## SUNNY SOUTH LUMBER COMPANY v. NEIMEYER LUMBER COMPANY.

### Opinion delivered December 8, 1896.

CONDITIONAL SALE—TITLE OF VENDEE.—A vendee of personal property, who pays part of the purchase price under an agreement that the title shall remain in the vendor until the purchase money is fully paid, has an interest in the property which may be mortgaged by him.

SAME—FORFEITURE.—Where personal property is sold on condition that the title shall remain in the vendor until the purchase money is paid, and that, in case of default, the vendor may repossess himself of the property, the failure of the vendees to pay the purchase money when due does not, of itself, operate as a forfeiture of their interest in the property or of the rights of one to whom they have given a mortgage of such interest.

ESTOPPEL—PURCHASE SUBJECT TO MORTGAGE.—One who purchases the interests of a vendor and vendee of personal property which had been conditionally sold, expressly agreeing, as part of the consideration, to pay off a mortgage on the property executed by the vendee, cannot deny the validity of such mortgage on the ground that the mortgagor had forfeited his interest in the property by failing to pay the purchase money, nor because the mortgage was not properly acknowledged and recorded, nor for the reason that the mortgagee, a foreign corporation, had failed to appoint an agent in this state, as required of foreign corporations doing business in the state.

FOREIGN CORPORATION—DOING BUSINESS IN STATE.—A foreign corporation, engaged in its business of buying and selling lumber, to which a citizen of Arkansas becomes indebted in another state, may secure such debt by taking a mortgage on personal property in this state, without first appointing an agent in Arkansas, as the taking of a mortgage under such circumstances is not "doing business" in the state, within the statute relating to foreign corporations.

TROVER—EVIDENCE.—Where personal property is sold subject to a mortgage, and the mortgagee subsequently brings suit against the vendee for the property, tendering to him the amount which he paid for the property, an answer which specifically denies any right or interest of the plaintiff in the property is *prima facie* evidence of a conversion of the property by defendant.

SAME—LIABILITY.—One who converts property which is subsequently destroyed is liable to a mortgagee of such property for the value of his interest therein at the time of the conversion.

DAMAGES—TROVER.—Where a mortgagee of personal property seeks to recover damages for its conversion from one conceded to be the holder of a prior lien, the measure of damages is the value of the property, less the amount of the prior lien, in the absence of any proof of special damages.

APPEAL—INCONSISTENT POSITIONS.—When the complaint of appellee alleged that the claim of appellant for money paid by it was paramount to its own claim, and the circuit court found that such was the fact, the appellee will not, upon appeal, be allowed to dispute such fact.

Appeal from Lafayette Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

STATEMENT BY THE COURT.

This suit in equity was brought by the A. J. Neimeyer Lumber Company against the Sunny South Lumber Company and C. H. Gates & Son to foreclose a mortgage upon personal property. The essential facts are as follows: The firm of C. H. Gates & Son purchased from C. L. Byrne & Company certain personal property, to-wit, a saw-mill, boiler and machinery attached, besides wagons and oxen, etc., for which they agreed to pay $6,500. Gates & Son paid $1,500 in cash, and gave five notes, of $1,000 each, for the payment of the remainder. It was also expressly agreed in the written contract of sale that the title of the property should remain in Byrne & Company, until said notes were paid in full, and it was further stipulated in said contract that "if the said C. H. Gates & Son shall make default in the payment of either of said notes, and said default shall continue beyond a reasonable time thereafter, the said Byrne & Company shall have the right to repossess themselves of said property."

The Neimeyer Company advanced to Gates & Son several thousand dollars in money to make payment to

Byrne & Company upon this contract of purchase. Before any default had been made, Gates & Son mortgaged this property purchased from Byrne & Company and certain other property to the Neimeyer Company to secure to it payment of such money. Byrne & Company also promised the Neimeyer Company that they would make no sale or transfer to prejudice the claim of said company, without first giving it an opportunity to perfect the title in Gates & Son and protect its claim against Gates & Son by paying the remainder of the purchase money due Byrne & Company for such property. Afterwards Gates & Son were unable to make payment of one of the instalment notes when it became due. They afterwards sold the property to appellant, the Sunny South Lumber Company. Said company purchased the interest of both Gates & Son and Byrne & Company in the property, and took a transfer of the contract of sale from Byrne & Company. Before making the sale and transfer, Byrne & Company informed Garrigues, who acted for the Sunny South Lumber Company in making the purchase, of the promise Byrne & Company had made to the Neimeyer Company, and refused to make any sale or transfer to Garrigues until he promised that the Neimeyer Company should be protected and its claim paid. The consideration which Garrigues, as agent of the Sunny South Lumber Company, agreed to give Gates & Son for their interest in the property was the payment of the claim of the Neimeyer Company against Gates & Son and certain other debts of Gates & Son, and, as a further consideration, that it would transfer to Gates & Son stock in the Sunny South Lumber Company. Under this purchase from Byrne & Company and Gates & Son, the Sunny South Company took possession of the property. Afterwards the Neimeyer Company demanded of the Sunny South Company payment of its debt against Gates & Son. This demand

being refused, suit was begun by the Neimeyer Company to foreclose its mortgage upon the property purchased by the Sunny South Company.

It alleged that Garrigues, acting for the Sunny South Lumber Company, and under an agreement with Gates & Son, purchased the property from Byrne & Company by paying the balance of the unpaid purchase money, and taking a transfer from Byrne & Company to Garrigues for the Sunny South Lumber Company. The prayer of complaint was that plaintiff have judgment against Gates & Son for its debt, " that the same be declared a lien on the property in said mortgage recited, and that the same be ordered sold to satisfy said mortgage debt, and, furthermore, plaintiff prays that the said Sunny South Lumber Company be required to answer herein, and show, if any, what sum of money is due it by reason of assignment of contract of purchase to them, to the end that this plaintiff may reimburse them in their expenditure, relieve the property of all prior liens, and thereby obtain a decree for sale of the property free from other incumbrances," etc.

The Sunny South Lumber Company appeared, and filed a demurrer to the complaint, which being overruled it filed an answer denying that the mortgage to plaintiff was a lien upon the property, or that plaintiffs had any interest in the property, and denying the right of plaintiff to the relief prayed.

Afterwards the Neimeyer Lumber Company filed an amendment to its complaint, alleging that payment of the indebtedness of Gates & Son to the Neimeyer Company was a part of the consideration which the Sunny South Lumber Company agreed to pay Gates & Son for the mill plant in question, and that said Sunny South Company was liable to plaintiffs for the full amount of its claim against Gates & Son; and they pray judgment for the same. The defendants filed a motion to strike out this

amendment, and, when the cause came on for hearing, the motion was sustained, and the amendment stricken out. The court held that the note and mortgage sued upon were valid and subsisting liens upon the property mortgaged, that the plaintiff had the right to redeem the property embraced in said mortgage, and subject the same to the satisfaction of its mortgage debt. The court further held that the claim of the Sunny South Company was superior and paramount to the claim of plaintiff, to the extent of the money paid by the Sunny South Company in purchase of the property of Byrne & Company, with interest thereon, and necessary expenses, and that, upon the payment of the same by plaintiff, it was entitled to the possession of said property for the foreclosure and satisfaction of its mortgage. The court gave judgment in favor of plaintiff against Gates & Son for the amount of the note and mortgage sued on, and ordered an account to be stated between plaintiff and the Sunny South Company, defendant. The report of the master showing that the mortgaged property had been completely consumed while in the possession of said defendant company, the court found that "the value of all said property and rents, reduced by expenditures as aforesaid, was more than sufficient to pay plaintiff's judgment and decree against C. H. Gates & Son on the mortgage in question," and thereupon gave judgment against the Sunny South Lumber Company for the amount of said decree, being the sum of $5,941.00. From which decree an appeal was taken.

*J. M. Montgomery* and *Henry Moore* for appellant.

The sale of chattel under agreement that the title shall remain in the vendor until the payment of the purchase price passes no title until the condition is performed, even to a *bona fide* purchaser, as against the original vendor. 1 Benj. Sales, sec. 366; 47 Ark. 363; 48 *id.* 160;

49 *id.* 63; 54 *id.* 476.   The mere willingness or readiness to pay amounts to nothing, without an offer or tender of payment and a refusal by the creditor.   25 Am. & Eng. Enc. Law, p. 916, and cases cited.   There are defects in the acknowledgment and record of the mortgage which render it void.   Sand. & H. Dig., secs. 715, 717, 5090; 49 Ark. 83; 53 *id.* 18; 9 *id.* 112; 25 *id.* 152; 4 *id.* 536. The mortgage is void for uncertainty of description.   35 Ark. 470; 30 *id.* 657; *ib.* 680.   Appellee had no right to redeem after a foreclosure had been had under the contract.   Jones, Chat. Mort. (2 Ed.), secs. 693, 696, 697.   Appellee was not entitled to rents.   20 Am. & Eng. Enc. Law, p. 1035; Hempst. Rep. 563. 3 Am. & Eng. Enc. Law, p. 200, sec. 14; 20 *id.* p. 611, and note 1.   The cases of 36 Ark. 17, 31 *id.* 430, and 40 *id.* 275 are not applicable.   He that comes to redeem a mortgage must show title to the equity of redemption.   1 Vern. 182.   Appellant was not liable for the loss by explosion. A mortgagee in possession is responsible for ordinary diligence in preserving the property after condition broken, and while the right of redemption exists, and is liable for ordinary neglect.   If the property be destroyed without fault on his part, he cannot be held for its value.   Jones on Chat. Mortg. (2d Ed.), sec. 697, and cases cited; 5 Wait, Act. & Def. 506.   The tenement houses were not covered by the mortgage.   The tender by appellee was insufficient.   25 Am. & Eng. Enc. Law, 910; 53 Ark. 69.   The decree is excessive.   Appellants were entitled to the amount paid Byrne on the purchase money debt. Appellee was a foreign corporation doing business in this state without complying with our statute, and cannot sue in this state.   8 Am. & Eng. Enc. Law, 340; 8 Wall. 168; 143 U. S. 305; 93 U. S. 99, 102; 124 *id.* 474.

   *L. A. Byrne* for appellee.

The conditional sale of personal property, with a reservation of title, creates the relation of debtor and creditor, and the reservation of title is but a security for the debt. 48 Ark. 160; 36 *id.* 71; 52 *id.* 162. The debtor has an equitable interest, which he can sell or mortgage. A conditional sale to secure a debt is a mortgage. 1 Jones, Mortg. sec. 11; 13 Ark. 112; 32 *id.* 478; 5 *id.* 321; 40 *id.* 146; 29 *id.* 358; 34 *id.* 113. The testimony shows that appellant agreed to pay appellee's debt, and took the property under that agreement, and it cannot question the validity of the mortgage. 47 Ark. 301; 59 *id.* 280. The mortgage was good between the parties without acknowledgment or record. 25 Ark. 152; 49 *id.* 279. In a suit between senior and junior mortgagees no tender is necessary. · Jones on Chat. Mortg. sec. 690 to 696. A foreclosure does not bind a junior mortgagee unless he is made party to the suit. 37 Ark. 632; Jones on Mortg. sec. 1057. The value of the plant cut no figure. Appellant was liable for use and occupation, and it was error to allow credit for repairs and improvements made by appellant to make the plant more profitable to it in its business, but not necessary to preserve it. 52 Ark. 381; 42 *id.* 422; 38 *id.* 285. It was error to allow interest on these expenditures. 42 Ark. 422; 36 *id.* 17. It is proper to tax a mortgagee in possession for use and occupation of same. Jones on Chat. Mortg. sec. 696; 2 Jones on Mortg. secs. 1114 to 1143; 36 Ark. 17; 40 *id.* 275; 49 *id.* 508. When the mortgagee converts or makes way with the property, equity will render a personal decree for the value of the equity of redemption. Jones on Chat. Mortg. sec. 684. The court should have rendered a personal decree on the amendment to the complaint; but as appellee succeeded in its claim, no appeal was necessary from the sustaining the demurrer. It is a rule of appellate courts that it makes

no difference upon what grounds the lower court bases its judgment, if the decree is right upon the whole record. 56 Fed. Rep. 567; 6 Ark. 431; 7 *id.* 238. Having taken the property under a promise that appellee's claim would be paid, appellant is bound by that promise. 45 Ark. 67; 42 N. Y. 318; 67 Mass. 391. Appellee relinquished a valuable right, relying on the promise of appellant to pay its claim, and appellant is estopped to dispute or take any advantage of that claim. 35 Ark. 465; 37 *id.* 37; Herman on Estoppel, secs. 753 to 785. The amendment presented several causes of action, mainly equitable, and there was no motion to transfer. The court should have rendered judgment on all. 27 Ark. 585; 35 *id.* 565; 37 *id.* 164; 48 *id.* 312; 46 *id.* 96. The judgment is right upon the whole record, and as the final decree was put upon grounds differing from our view of the case, but the relief was equally adequate, appellee cannot complain, and there was no necessity to appeal. 90 Mich. 152; 56 Ark. 450; 48 Mass. 300; 24 Mich. 305; 93 *id.* 383; 82 *id.* 105; 48 Ark. 258; 80 Cal. 507; 69 Mich. 127; 63 *id.* 25. See 56 Ark. 119.

*J. M. Montgomery* and *Henry Moore* in reply.

The alleged promises of appellant, and the testimony taken on the issues raised by the amendment to complaint, have nothing to do with the case, as appellee did not appeal from the judgment dismissing its amended complaint. 25 Ark. 52; 34 *id.* 63; 26 *id.* 526; 24 *id.* 30; 14 *id.* 122. If such were made, they were within the statute of frauds. 45 Ark. 67; 37 *id.* 145; 52 *id.* 174. They were made before the incorporation of appellant, and are void. 37 Ark. 164. The mortgage is void because not recorded in the proper county, and for uncertainty. 43 Ark. 350; 41 *id.* 495. The assignment cannot be varied or added to by parol evidence. 24 Ark. 210; 13 *id.* 593; 24 *id.* 269.

Title of
vendee in
conditional
sale.RIDDICK, J., (after stating the facts.)   We are of
the opinion that the circuit court did not err in holding
that the Neimeyer Lumber Company had a valid lien
upon the property mortgaged to it by Gates & Son.
This property had been purchased by Gates & Son from
Byrne & Company under an agreement that the title
should remain in Byrne & Company until the purchase
money was fully paid.   Afterwards the Neimeyer Com-
pany furnished the money to pay a considerable portion
of the purchase price, and to secure itself received from
Gates & Son a mortgage upon the property.   Although
the purchase price had not been paid in full, and the
title to the property was still in Byrne & Company, yet
Gates & Son acquired by their contract of purchase an
interest in the property which they could sell or convey,
and the mortgage was valid against them.   *Nattin* v.
*Riley*, 54 Ark. 30; *McRae* v. *Merrifield*, 48 Ark. 160;
Benjamin on Sales (Bennett's Ed.), 283.

As to for-
feiture.If, upon the failure of Gates & Son to make pay-
ments as required by the contract of purchase, Byrne &
Company had retaken possession of the property, as
provided in the contract, the rights of Gates & Son and
of the Neimeyer Company would have been ended.   But
Byrne & Company did not take possession of the prop-
erty, and the failure of Gates & Son to pay an instal-
ment note at its maturity did not of itself operate as a
forfeiture of their interests in the property or of the
rights of the Neimeyer Company under their mortgage.
*Nattin* v. *Riley*, 54 Ark. 30; *Ames Iron Works* v. *Rea*,
56 *ib*. 450.

Estoppel
by purchase
subject to
mortgage.Byrne & Company did not desire to take pos-
session of the property, but were endeavoring to aid
Gates & Son in finding a purchaser for the property.
They also promised the Neimeyer & Company that, in
the event Gates & Son were unable to pay off the re-
mainder of the purchase money, the Neimeyer Company

should be permitted to pay the same, and so protect their mortgage interest.    Afterwards the Sunny South Company purchased the interest of both Byrne & Company and Gates & Son in this property.    While there is conflict in the evidence, we think that it is shown by a preponderance thereof that the payment of the debt of Gates & Son to the Neimeyer Company was a part of the consideration to be paid by the Sunny South Company to Gates & Son for the property.

The appellant company, having purchased the interest of Gates & Son, and agreed as a part of the consideration thereof to pay the debt of the Neimeyer Company secured by a mortgage upon the property purchased, and having made in effect the same promise to Byrne & Company to induce them to part with their interest, cannot, after having obtained possession of the property in that way, be permitted to dispute the validity of the mortgage, on the ground that Gates & Son had forfeited their interest in the property by failing to pay the purchase money.    Neither can it do so on the ground that this mortgage was not properly acknowledged and recorded, nor for the reason that the Neimeyer Company had failed to appoint an agent in this state as required of foreign corporations doing business in the state.    *Clapp* v. *Halliday*, 48 Ark. 258; *Millington* v. *Hill*, 47 Ark. 301; Jones, Chattel Mort. (4 Ed.), sec. 487; Jones, Real Prop. Mort. (5 Ed.), secs. 740, 741; *Ghio* v. *Byrne*, 59 Ark. 280.

In addition to this, there is nothing to show that the Neimeyer Company was doing business in this state at the time this debt was contracted or the mortgage executed.    The mortgage was executed by Gates & Son in this state upon property here to secure a debt due the Neimeyer Company, but that does not show that such company was doing business in this state.    The Neimeyer Company was not a corporation engaged in the

When foreign corporation doing business in state.

·business of loaning money or taking mortgages, but was engaged in the business of buying and selling lumber. Such a corporation doing business in another state, to whom a citizen of this state becomes indebted in the course of its business there, may collect such debt in this state, or secure it by taking a mortgage, without first appointing an agent here; for the taking of a mortgage under such circumstances is not "doing business" in the state, within the meaning of our law relating to foreign corporations. *Florsheim Bros. Dry Goods Co.* v. *Lester*, 60 Ark. 120; *The Charter Oak Life Ins. Co.* v. *Sawyer*, 44 Wis. 387.

**Sufficiency of proof of conversion.** Having concluded that the court did not err against appellant in holding that the mortgage in question was a valid lien upon this property in appellant's possession, to the extent that its value exceeded the sums paid by appellant to Byrne & Company, we are next to consider the relief to which the plaintiff is entitled under the facts of this case. The complaint filed by appellee contained, in substance, an offer to repay to appellant the amount paid Byrne & Company, and a demand for the property. The answer of appellant was a refusal of this demand, and a specific denial of any right or interest in said property on the part of appellee. This was *prima facie* evidence of a conversion of such property by appellant. *Ray* v. *Light*, 34 Ark. 421; *Zachary* v. *Pace*, 9 *ib.* 212.

**Liability for conversion.** As the property was afterwards consumed and destroyed, while in the hands of the appellant company, it is liable to appellee for the value of the interest of appellee therein at the time of the conversion, and can be compelled to account for the same.

**Damages for conversion.** But the circuit court not only charged appellant with the full value of said property in excess of the sums paid by Byrne & Company, and interest thereon, but also charged it with the full rental value of said

property so long as it remained in its possession. We think that this was clearly in excess of the relief to which appellee was entitled under the pleadings. Appellant had peaceably and lawfully obtained possession of the property, and claimed it as a matter of right. As, under the decree of the circuit court, it had a beneficial interest in the property superior to the mortgage of appellee, to the extent of the purchase money paid by it to Byrne & Company, it could be liable to appellee only for the value of the property less the value of its own interest therein. The remainder left represents the value of the interest in the property covered by the mortgage of appellee. No special damages are alleged or proved, and appellant, under the facts here, cannot be compelled to account for a greater sum than this value, with interest added. *Jones* v. *Horn*, 51 Ark. 19; *McClure* v. *Hill*, 36 Ark. 268; *Street* v. *Sinclair*, 71 Ala. 110.

Restating the account in accordance with these rules, we have the following result, to wit:

Value of property in mortgage from Gates &
    Son to Neimeyer Company, afterwards
    sold by Byrne & Company to Sunny South
    Company, and converted by it .........$  4,575  00
Value of other property included in said mort-
    gage, afterwards sold by Gates & Son to
    Sunny South Company, and converted by
    it.................. .............     835  00
                                          ─────────
    Total......................... .........$  5,410  00
Amount paid by Sunny South Company to
    Byrne & Company on 17th of July, 1888,
    for balance due on purchase money of
    property.............................$  3,350  00
Interest on same from July 17th to September
    29, 1888..............................     40  20
                                          ─────────
    Total credits.......................$  3,390  20

Balance representing the interest in said prop-
erty subject to the Neimeyer Company
mortgage ...........................$  2,020 80

In stating this account we have taken the value of the property as found by the circuit court, except that we deduct therefrom $820, the value of the following property improperly charged against appellant:

Boarding house.............................  $  150 00
Tenement houses............................     250 00
Six yoke oxen .............................     270 00
Saw edger .................................     150 00

          Total.............................  $  820 00

The mortgage to the Neimeyer Company did not include such houses, and the evidence shows that appellant did not receive or convert the other property named. It was therefore improper to charge appellant with the value of the same.

*Parties cannot assume inconsistent positions.* The Neimeyer Company obtained a decree against Gates & Son upon their mortgage debt for the sum of $5,941.00. By charging appellant with the rental value of the mortgaged property, the circuit court found that the value of all the property and rents which came into appellant's hands, subject to the mortgage in question, "was more than sufficient to pay plaintiff's judgment against Gates & Son upon the mortgage in question." The court, therefore, gave judgment in favor of the Neimeyer Company against the Sunny South Company, appellant, for the full amount of said mortgage debts. The appellee contends that this judgment should be affirmed, for the reason that the evidence shows that the appellant company agreed to pay this debt of Gates & Son to the Neimeyer Company as a part of the consideration for the mortgaged property; that for this reason the court was justified in giving a judgment against appellant for the full amount of this claim to Neimeyer Company against Gates & Son, and that the same should

be upheld. But we are not called upon to decide whether, if the question was presented by the pleadings, this mortgage of appellee might not, under the evidence, have been, as against appellant, held to be a first lien on the entire property acquired by it from Byrne & Company. No such question is before us, for no such question is presented by the pleadings. The original complaint filed by the appellee asked for no personal judgment, but distinctly recognized and admitted the right of appellant to demand the repayment of the sums paid by it to Byrne & Company, in discharge of the balance due on the purchase money, and asked permission to repay these sums to appellant, that appellee might subject the property to its mortgage. The case having been tried in the circuit court upon the allegation of appellee that the claim of appellant for the amount paid by it to Byrne & Company was paramount to its own mortgage lien, it will not now be allowed to assume the inconsistent position of disputing such claim.

It is true that the appellee afterwards filed an amended complaint, setting out additional facts, and praying for a personal judgment against appellant for the full amount of its debt against Gates & Son; but this amendment was, on motion, stricken out, and the decree of the court was rendered on the original complaint. No appeal was taken from this order of the court striking out the amendment to the complaint, and that amendment is not before us, and cannot be considered. So far as the evidence in this case tends to support the cause of action set out in the original complaint, and the judgment entered thereon, we can consider it; but we cannot base our judgment upon a pleading which was stricken out and not considered by the circuit court when no appeal is taken by the party whose pleading was thus stricken out. *Dooley* v. *Dooley*, 14 Ark. 122; *Clark* v. *Barnett*, 24 Ark.

30.    The evidence which tends to show that the appellant purchased the mortgaged property, and as a part consideration therefor agreed to pay the mortgage debt, tends directly to support the cause of action set out in the original complaint; for it shows that the mortgage which appellee seeks to foreclose was valid as against the appellants. The circuit court found that "the claim of the Sunny South Lumber Company is superior and paramount to plaintiff's to the extent of the money paid by them in the purchase of the claim of Byrne & Company, with legal interest." We cannot disturb the finding and decree of the court in this regard, even if we were convinced that it was wrong, for there is no pleading on the part of appellee before us which asks for a ruling contrary to this finding of the circuit court, and it must therefore stand. *Mock* v. *Pleasants*, 34 Ark. 63; *Thorn* v. *Ingram*, 25 *ib*. 52; *Clark* v. *Barnett*, 24 *id*. 30; *Dooley* v. *Dooley*, 14 *id*. 122.

The evidence in this case is conflicting, and so voluminous that we have been compelled to state our conclusions in regard to it, without discussing it or setting it out in detail. A consideration of it convinces us that substantial justice will be administered by requiring the appellant to account for the value of the property included in the mortgage and afterwards converted by it, less the credits allowed by the circuit court for money paid by appellant to Byrne & Company for said property. The balance for which appellant should account we have ascertained to be the sum of $2,020.80, with interest at six per cent. from September 29, 1888, the date of the conversion of the mortgaged property by appellant. The decree of the circuit court will be modified to this extent, and a decree in favor of appellee entered here for such sum and interest.

NOTE.—As to when a foreign corporation is engaged in doing business within a state, see note to *Cone Export, etc. Co.* v. *Pool* (S. C.), 24 L. R. A. 295. (Rep.)