SNYDER *v.* SLATTON.

Opinion delivered November 29, 1909.

1. ANIMALS—SERVICE FEE OF STALLION—EFFECT OF TRADE.—A mare was sold with reservation of title in the vendor until the purchase money should be paid, and the vendor consented that the vendee should

have the mare bred to a stallion; the contract for such stallion's service provided that the service should become due whenever the mare became in foal or was traded; the vendee, while part of the purchase price was unpaid, and during the period of gestation, exchanged the mare for a mule belonging to the vendor, and paid the balance due on the price. *Held,* that this amounted to a "trade," and that the service fee was due. (Page 532.)

2. SAME—LIEN FOR STALLION'S SERVICE—PRIORITY.—Where the vendor of a mare sold conditionally with reservation of title until the price is paid authorized the vendee to have the mare bred, he will be held, so far as the lien for the stallion's services is concerned to have waived any superior title to the mare. (Page 533.)

Appeal from Greene Circuit Court; *Frank Smith,* Judge; affirmed.

*Huddleston & Taylor,* for appellant.

Defendant was entitled to a judgment *non obstante veredicto.* 6 Ark. 264; *Id.* 443; 17 Ark. 71; 19 Ark. 194. Where there are more issues than one, and a verdict on only one, there can be no final judgment, but a *venire facias de novo* will be awarded. 9 Ark. 62; 4 Ark. 526; 5 Ark. 193; 18 Ark. 248. If these motions fail, then the remedy is reached by motion for a new trial. 119 Ind. 273; 21 N. E. 735; 4 L. R. A. 549.

FRAUENTHAL, J. The plaintiff below, D. W. Slatton, instituted this suit against the defendant, Wm. Snyder, to recover for the service of a stallion, and to enforce a lien upon the mare, which was then in possession of the defendant J. P. Stepp; alleging that she had been traded since the service. The contract of service provided that a colt was insured, and that the debt was due when the fact was ascertained that the mare was in foal or the mare traded. The right to recover and to the lien was denied upon the ground that the mare was not with foal, and that she had not been traded; that the mare had only been taken back by Stepp from Snyder, who held her under a conditional sale. The uncontroverted testimony shows that J. P. Stepp sold the mare to Wm. Snyder on April 3, 1908, for $65, taking a note therefor due November 1, 1908, in which the title to the mare was reserved in him until payment of the note. The service sued for was performed in May, 1908. Thereafter Snyder paid to Stepp on the note in money and property

the sum of $23. When the note matured, Snyder was preparing to haul some logs, and Stepp suggested that the mare was too light to do the work. Stepp was the owner of a mule at the time; and it was agreed between them that Stepp would sell the mule to Snyder, and in payment therefor Snyder would turn back the mare to Stepp and pay him an additional sum. This was done. The testimony also tended to prove that before the service was performed Stepp told Snyder to have the mare bred to a stallion. This suit was instituted after the time that it is alleged that the mare was traded to Stepp, and during the period of gestation; and neither at that time nor at the time of the trial was it definitely known whether the mare was in foal.

At the conclusion of the evidence each of the parties asked for a peremptory instruction. The court thereupon submitted to the jury the following interrogatory: "Did Stepp authorize the service?" and said to the jury: "You will answer yes or no; and this will be your verdict." Upon the return of the verdict of the jury answering the above interrogatory in the affirmative, the defendants asked for judgment in their favor notwithstanding the verdict; and also that the issues be submitted to the jury as to whether or not the mare was with foal, and whether or not the mare had been traded, exchanged, sold or disposed of by Snyder. The court refused their requests, and thereupon entered judgment in favor of the plaintiff, and against defendant Snyder for the amount of the debt, and sustained the attachment upon the mare.

It is contended by the appellants that by the reservation of the title in the mare Stepp remained the owner thereof, and that, upon the maturity of the note and the same being unpaid, he only took back the mare, and that Snyder did not trade, exchange or otherwise dispose of the mare. But under the contract of sale made by Stepp to Snyder of the mare Snyder obtained an interest in the mare. He had paid a part of the purchase money on the note, and he had an interest in the mare which he could mortgage (*Sunny South Lumber Co.* v. *Neimeyer Lumber Co.,* 63 Ark. 268), or sell (*McRae* v. *Merrifield,* 48 Ark. 160), or exchange for other property (*Dedman* v. *Earle,* 52 Ark. 164). Under a contract of sale of a chattel with reser-

ARK.] SNYDER *v.* SLATTON. 533

vation of title in the vendor until the payment of the purchase money, the mere omission of the purchaser to pay the purchase money at maturity would not operate as a forfeiture of his rights. *Nattin* v. *Riley,* 54 Ark. 30.

Upon the maturity of the debt under such a contract the vendor of the chattel, upon default in the payment thereof, may retake the property and thus in effect cancel the debt; or he may still affirm the sale and thus waive the reservation of title. He may do this by suing to recover the debt or by any act by which he recognizes the interest of the vendee in the property; for until a demand for the property is made the vendee has still the right to pay the purchase money and thus obtain entire title thereto. *Butler* v. *Dodson,* 78 Ark. 569; *Nattin* v. *Riley, supra.*

In this case the defendant Stepp still recognized that Snyder had an interest in the mare when he let him have the mule therefor. At that time a substantial payment had been made upon the purchase money of the mare; and in effect Snyder traded to Stepp the mare for the mule, and Stepp exchanged with Snyder the mule for his interest in the mare and the payment of an additional sum. In this way Stepp affirmed the sale of the mare to Snyder, and dealt with him as the owner thereof, and did not take back same under his reservation of title. This amounted to a trade, within the terms of the contract for the service, so as to make the debt due; and was such an exchange and disposition of the mare under the provisions of the statute as to entitle the plaintiff to sustain his attachment thereon. *Pitchcock* v. *Donnahoo,* 70 Ark. 68.

Under the undisputed evidence in the case, therefore, the mare was traded, and the debt was due. Under the further evidence it was found that, prior to the performance of the service, Stepp authorized the same. Where a vendor, under a conditional sale of a chattel reserving title in the vendor, has authorized or consented to the vendee executing a mortgage on the chattel, this court has held that such vendor was not entitled to recover the chattel as against the mortgagee. *Hyatt* v. *Bell,* 83 Ark. 360. And so in this case by authorizing the service Stepp has waived any superior claim or right that he may have had in the mare by reason of the reservation of title thereto.

Under the uncontroverted testimony and the finding of the jury in this case, the court was correct in entering a judgment in favor of the appellee.

The judgment is affirmed.