## CLINTON *v.* ROSS.

### Opinion delivered December 2, 1912.

1. SALE OF CHATTELS—CONDITIONAL SALE—RESERVATION OF TITLE.—In conditional sales of personal property, where the title is retained by the vendor, until the purchase price is paid, the vendee acquires an interest that he can sell or mortgage without the consent of the vendor but the vendor's right to recover the property, if the purchase price is not paid is not prejudiced by such sale or mortgage. (Page 446.)

2. CONTRACTS—STATUTE OF FRAUDS.—An agreement in writing wherby C agreed to pay a debt due from B to R, upon the purchase of certain property by C from B; *held*, not to be in violation of the statute of frauds. (Page 446.)

3. CONTRACTS—CONSIDERATION—TIME OF PAYMENT.—Where a contract, whereby C agrees to pay to R a certain sum, is complete upon its signature and delivery, C is bound to pay the debt within a reasonable time, and it is not prejudicial error to allow proof that the time agreed upon was sixty days. (Page 446.)

4. CONTRACTS—NECESSARY SIGNATURES.—Where C agrees to pay to R a debt owed to R by B, it is not necessary that the contract be signed by R, since it was made by C and B for R's benefit, and was signed by C, the party to be charged thereunder. (Page 446.)

Appeal from Polk Circuit Court; *Daniel Hon,* Judge on exchange; affirmed.

### STATEMENT BY THE COURT.

W. N. Ross brought suit against W. E. Clinton and W. J. Batson, alleging, that on June 6, 1911, Batson was indebted to him in the sum of $600.00 for goods and moneys furnished to enable him to operate a sawmill,

and, as security for such supplies, agreed that all the lumber manufactured by him should be stacked upon the yards and become the property of Ross until the account was paid. That on June 8, appellant, desiring to purchase the 300,000 feet of lumber on the yards of the mill of defendant, Batson, agreed with plaintiff and Batson that the lumber·was to remain the property of Ross until it was paid for, and that he would pay for same before it was removed and disposed of, and within sixty days from the date of the agreement, in writing, which was made on August 6, 1911, a copy of which was attached and exhibited with the complaint. A balance of $545.01 was claimed to be due upon the agreement, and judgment was asked therefor, with interest from the 6th day of August, 1911. The contract reads as follows :

"Whereas, this contract, made and entered into by and between Will Batson and·Ed Clinton and Will Ross, witnesseth:

"That, whereas, Will Batson is justly indebted to Will Ross in the sum of six hundred dollars, for money and goods furnished by said Will Ross to enable him to run his mill and cut lumber on the Churchwell land, about three miles west of Beaver Town, in Polk County, Arkansas, and that said sum of money, etc., was furnished with the understanding and agreement betwen Will Batson and Will Ross that all lumber sawed at such mill should be the property of Will Ross, and should be shipped in his name, and that same should not be sold or disposed of without the consent of said Will Ross; and,

"Whereas, said Ed Clinton now desires to buy said lumber, and that there is now still on mill yards, on the place aforesaid, about something like 300,000 feet of lumber, now in stacks.

"Now, therefore, this agreement witnesseth, that each of the parties hereto have agreed, and they do each hereby agree, that said Ed Clinton may purchase the said lumber with the distinct understanding that the title thereto shall not pass to Ed Clinton, but shall remain in Will Ross until the debt due Will Ross by Will Batson

is fully paid. And the said Ed Clinton does hereby specially agree that he will pay the debt due to Will Ross by Will Batson before the said lumber shall be removed or sold, and that he will pay to said Will Ross within...... days, the said sum due him, whether the lumber is removed or sold or not; but that, in any event, he will pay when the lumber is removed, if removed before that many days have elapsed.

"This the .......... day of ..............., 1911.
(Signed)   "W. E. Clinton.
(Signed)   "W. J. Batson."

A demurrer was filed and overruled, and appellant made a separate answer, denying any indebtedness on the part of Ross to appellee, and that any goods or moneys were furnished him to enable him to operate a sawmill, as alleged; that Ross became the owner of the lumber cut and manufactured by Batson for any purpose, and that there was any agreement between Ross and Batson and Clinton that Clinton should buy the lumber, with the understanding that it should remain the property of Ross until paid for, and that there was any agreement on his part to pay for the lumber before it was disposed of, removed or sold, and that he agreed to pay for the lumber within sixty days from the execution of the instrument, and that sixty days thereafter would be the 6th of August, as alleged. Alleged that the contract sued upon and attached to the complaint was without consideration and not binding, and pleaded the statute of frauds. The contract was shown to have been entered into, and was, in fact, signed June 6, 1911, and appellee was permitted to testify, over objection, that the blank left in the contract for the number of days was left when the typewritten copy was prepared and before the agreement as to the time was made when the contract was signed. That sixty days was then agreed upon, and it was omitted to be inserted in the contract.

Appellant testified that there was no agreed time when the money was to be paid, and that he only agreed that if he got the lumber, he was to pay for it when he got ready to move it. That he stated to both Ross and

Batson that he did not feel like paying any money on it until he knew he was going to get the lumber. That he never got the lumber, it having been destroyed by fire after the execution of the agreement. He said, further, that he only signed the contract, agreeing to pay for the lumber in the event he bought it, and at the time of such signature, he and Batson had not agreed upon the price, and that there was no time mentioned in which he was to pay for the lumber. Clinton moved some of the lumber after the contract was made. The court instructed the jury, after which they returned a verdict for the amount sued for against both defendants, and from this judgment, appellant appealed.

*Elmer J. Lundy,* for appellant.

1. A collateral promise to pay the debt of another already contracted is within the statute of fraud, and all requirements of the statute must be complied with. 12 Ark. 174; 31 Ark. 613; 45 Ark. 67; 52 Ark. 174; 76 Ark. 292; 88 Ark. 592; 20 Cyc. 187, 188; 12 Enc. of Ev. 8; 11 Mich. 219; 87 N. E. 597; 78 N. E. 126; 22 How. (U. S.) 28; 2 Am. Dec. 115; 56 Miss. 649; 35 Conn. 343; 37 Am. Dec. 148; 105 Ill. 433.

2. The contract, by reason of its incompleteness and the necessity for parol evidence to complete the promise and agreement, was insufficient to satisfy the statute of frauds. 85 N. E. 797; 56 Ark. 139; 45 Ark. 18; 20 Cyc. 258, 261; 28 Am. & Eng. Enc. of L. (2 ed.), 873; 3 Am. Dec. 509; 40 Am. Dec. 698.

3. A consideration is essential to support the promise. None is mentioned in the contract nor shown in the evidence. 5 East. 10; 3 Am. Dec. 475; 37 Am. Dec. 148; 45 Ark. 67; 86 N. E. 490; 20 Cyc. 281, 282; 29 Am. & Eng. Enc. of L. (2 ed.), 848.

4. Parol evidence is inadmissible to supply missing terms of the contract, or to vary or add to its terms. 56 Ark. 139, 146; 45 Ark. 18; 20 Cyc. 260, 261; *Id.* 317, 318; 29 Am. & Eng. Enc. of L. (2 ed.), 849, 850; 28 *Id.* 873; 2 Am. & Eng. Ann. Cases, 286; 17 *Id.* 205; 19 Am. Rep. 706; 54 *Id.* 879; 48 *Id.* 516.

No brief filed for the appellee.

KIRBY, J., (after stating the facts). It is insisted that the contract is within the statute of frauds, and, by its terms, not complete, that there was no consideration for it, and that the court erred in admitting parol testimony to supply the missing terms.

All the parties recognized that Batson had the right to sell the lumber after the payment of Ross's debt, and that the title to it remained in Ross until the debt was paid. Ross, in fact, had no interest in the lumber beyond the amount of his claim against Batson for money and supplies furnished, to enable him to manufacture it, nor any concern as to what became of the price for which it was sold, beyond the amount of his debt, which was to be paid to him.

In conditional sales of personal property where the title is retained by the vendor, until the purchase price is paid, the vendee acquires an interest that he can sell or mortgage without the consent of the vendor, but the vendor's right to recover the property, if the purchase price is not paid, is not prejudiced by such sale or mortgage. *Sunny South Lumber Co.* v. *Niemeyer Lumber Co.,* 63 Ark. 268; *Snyder* v. *Slatter,* 92 Ark. 530; *Triplett* v. *Mansur-Tibbetts Implement Co.,* 68 Ark. 230; *Bank* v. *Collins,* 66 Ark. 240.

The contract entered into between the parties here is an agreement upon the part of appellant to pay the debt owed by Batson to appellee, the amount of which is specified therein, and a recognition of his, Ross's, right to the lumber until the payment thereof. It was not a sale by Ross of the lumber to Clinton, but an agreement on the part of Clinton to pay Batson's debt to Ross, upon the purchase of same from Batson, the manufacturer, and satisfies the statute of frauds requiring such contract to be in writing. And if it be conceded that the court erred in permitting the introduction of testimony to show that he agreed to pay the debt within sixty days from the date of the execution of the contract, the number of days being left blank in same, it would not prejudice appellant's right, for he was bound by the contract, in any

event, to pay the debt within a reasonable time after the execution of the contract, which was complete upon its signature and delivery. It is unimportant that the contract was not signed by appellee, for it was made by both the others for his benefit, and signed by appellant, the party to be charged thereunder.

We do not find any prejudicial error in the record, and the judgment is affirmed.