## FAIRBANKS, MORSE & COMPANY v. PARKER.

### Opinion delivered February 6, 1925.

1. SALES—RIGHTS OF SELLER UNDER CONDITIONAL SALE.—In conditional sales of personal property in which the title is retained by the seller until the purchase price is paid, the buyer acquires an interest which he can sell or mortgage without the seller's consent, but the seller's right to recover the property if not paid is not prejudiced by such sale or mortgage.

2. SALES—CONDITIONAL SALE—NOTE AS PAYMENT.—The giving of promissory notes for the balance due under a conditional sales contract is not a payment thereof unless by agreement of the parties the notes are accepted in payment.

3.  SALES—CONDITIONAL SALE—LIMITATION TO RIGHT OF RECOVERY.— The right of a seller of goods with reservation of title to replevy such goods on nopayment of the purchase money notes was not barred by limitation, though the original buyer had resold the goods and his vendee had been in possession for more than three years before the original seller brought his action, where it was not shown that the seller knew that the second buyer claimed adversely.

4.  ADVERSE POSSESSION—REMOVAL OF GOODS CONDITIONALLY SOLD.—The fact that goods conditionally sold had been moved from one county to another by a second buyer does not lead to show the latter was holding adversely to the original seller's right.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; reversed.

STATEMENT OF FACTS.

Appellant brought this suit against appellees to recover a certain 10-horse-power type "Y" gasoline engine, one 15-horse-power type "Y" gasoline engine with standard equipment, and one 25-horse-power type "Y" gasoline engine with equipment.

The basis of the appellant's suit was that it had sold these engines and retained the title in them until the purchase price was paid, and that the vendee had failed to pay the purchase price.

Appellees pleaded the statute of limitations of three years, and the court found that issue in their favor. Therefore judgment was rendered in favor of appellees, and, to reverse that judgment, this appeal has been prosecuted.

On the 21st day of October, 1916, appellant, which is a manufacturing corporation doing business in the city of St. Louis, Missouri, by a written contract sold to the J. C. Shepherd Mining Company, an Arkansas corporation, and to J. C. Shepherd, a 10-horse-power engine, and the engine was delivered to it at Cedar Creek, Arkansas. On the 21st day of June, 1918, appellant sold to J. C. Shepherd a 15-horse-power gasoline engine and a 25-horse-power gasoline engine. These were to be shipped to J. C. Shepherd at Cushman, Arkansas. There was a written contract in each case, and appellant

expressly reserved title to the property until it was paid for.

The contract of October 21, 1916, provided that the purchase price of $3,300 was to be paid partly in cash and partly on a credit. The deferred payments were $1,320 due on March 1, 1917, and $1,320 on June 1, 1917, after shipment. Notes were given for these amounts, and a renewal note was accepted some time in the month of June or July, 1918, for the balance due. The principal and interest of these renewal notes at the date of the trial on October 23, 1923, was $463.40. Under the contract of June 21, 1918, for the 15-horse-power and the 25-horse-power engines, certain payments and credits were made, leaving a balance due, principal and interest, of $1,201.97 at the date of the trial.

The purchaser under the original contract of the conditional sale sold the engines in question to his co-appellees, and they were finally located by the plaintiff in the possession of appellee, Parker, near Batesville, Independence County, Arkansas. As soon as the whereabouts of Mr. Parker was obtained, a written demand was made on him, on August 13, 1921, for the return of the engines, or the payment of the balance of the purchase price. A long correspondence ensued between the parties as to their respective rights in the premises, and appellees finally failed, or refused, to return the engines or pay the balance of the purchase price of them. Thereupon, on March 7, 1923, appellant instituted this suit in the circuit court against appellees to recover possession of said engines. The defendant, Parker, showed that he had been in the possession of the engines, as purchaser of them from the original vendee, for more than three years before this suit was brought, and that he had claimed them as his own during all that time.

Under this state of facts the circuit court declared the law to be that appellant was barred of recovery by the statute of limitations.

*Jones, Hocker, Sullivan & Angert, Vincent L. Bois-aubin* and *Ernest Neill*, for appellant.

The statute of limitations in replevin suits is a bar to recovery only after three years after the cause of action accrues. Where the possession is rightful, demand and refusal are necessary to convert the original rightful possession into a wrongful detention or taking, and the action does not accrue nor the statute begin to run under such circumstances until demand and refusal. 34 Cyc. pp. 1404, 1405, 1423; Wells on Replivin (2nd ed.) § 798; 8 Ark. 109; 46 Ark. 489; 22 Ark. 467; 44 Ark. 29; 96 Atl. (N. J.) 481; 115 Pac. 930, 19 Idaho 790; 107 Pac. 458; 92 Atl. 6; 141 Pac 933; 85 Atl. 511; 94 Atl. 30; 176 N. W. 786, 13 Am. L. R. 439. Conditional sales contracts are good, and the title remains in the vendor until paid for, and a purchaser from the vendee acquires no title, although he buys in good faith for a valuable consideration. Replevin will lie for possession in case of nonpayment, and the burden is on defendant to show payment of purchase price. 68 Ark. 230; 107 Ark. 337; 149 Ark. 369; 57 Ark. 270. While the conditional vendee had such an interest in the property, subject to the reservation of title, as that he could sell it, the purchaser could only acquire the right to become the absolute owner by a compliance with the contract, i. e. upon payment of the purchase price. 5 R. C. L. 402; 52 Ark. 164; 149 Ark. 369; 55 Ark. 642; 40 L. R. A. (N. S.) 873, note.

*Samuel M. Casey,* for appellee.

The statute of limitations in replevin is three years and begins at the date of the defendant's possession of the property and not at the time of plaintiff's demand for it. 44 Ark. 29; 92 Ark. 618. The statute applies in cases of conditional sales. *Parker v. Rolfe, ante* p. 245, citing 49 Ark. 63.

HART, J., (after stating the facts). We think the decision of the circuit court was wrong. There is no showing in the record that appellees claimed the prop-

erty adversely to the rights of appellant, or that the latter waived his right to retake the property, under his contract, for failure to pay the purchase money. The contract in each case was in writing, and in express terms stated that the title to the property should remain in the seller until it was paid for. The fact that the original purchaser sold the engines did not give the second purchaser any greater rights than the original purchaser possessed, in the absence of notice to the seller, or of facts equivalent to notice, that the second purchaser claimed the property adversely to the rights of the seller. In conditional sales of personal property, where the title is retained by the vendor until the purchase price is paid, the vendee acquires an interest that he can sell or mortgage without the consent of the vendor, but the vendor's right to recover the property, if the purchase price of the property is not paid, is not prejudiced by such sale or mortgage. *Clinton* v. *Ross,* 108 Ark. 442, and *Estes* v. *Lamb & Co.,* 149 Ark. 369.

In the latter case it was also held that the giving of promissory notes for the debt is no payment, unless, by agreement of the parties, the notes are taken in payment of the debt.

In *Triplett* v. *Mansur & Tebbetts Implement Co.,* 68 Ark. 230, it was held that, where goods are sold on condition that the title shall remain in the vendor until the purchase notes are paid, the execution of renewal notes for the debt is not a payment, unless, by agreement of the parties, the notes are taken as such. Thus it will be seen that the mere fact that the seller failed to demand possession of the property when the notes given for its purchase price became due, and the fact that a renewal note was taken for the balance of the purchase price of one of the engines, do not constitute a forfeiture of his rights under the original contract. The seller made demand of the purchaser and his vendee of the balance of the purchase price of the engines, and, in default thereof, demanded that they should be returned to it. The purchaser and his vendee failed and refused to make

the payment of the balance of the purchase price or to return the engines to the seller. Hence he had a right, under his contract, to bring a replevin suit for the engines.

But it is contended that appellant is barred of this right by the statute of limitations of three years. We do not think there is anything to bar a recovery by appellant. As we have already seen, the original purchaser had a right to sell the property, and the fact that he did so did not divest the seller of any of his rights. The same may be said of the fact that a renewal note was given for the balance of the purchase price of one of the engines. There is nothing else in the record which would start the running of the statute of limitations. It is not shown that appellant knew that the vendee of the original purchaser was claiming the property adversely to its rights, or that it was in possession of any facts that would lead to such knowledge.

It is true that the property was moved from one county to another, but both counties were in the same section of the State, and it is not even shown that appellant knew that the property had been moved from one locality to another. Even if such had been the case, it would not tend to show that the person removing the property was holding it adversely to appellant.

In *Nattin* v. *Riley*, 54 Ark. 30, it was held that, under a contract for the conditional sale of property, the omission of the purchaser to pay the purchase price when due does not operate as a forfeiture of his rights under the contract, in the absence of a demand on the part of the seller of payment, or of the property for nonpayment of the purchase price. It was further held that, on such demand, even after the purchase money was overdue, the purchaser would have the right to pay the purchase price and retain the property which he received under the contract. To the same effect see *Sunny South Lumber Co.* v. *Neimeyer Lumber Co.*, 63 Ark. 268.

This holding was in recognition of the principle that the rights of the parties remained the same after the

purchase price became due as they were before that time, in the absence of a showing that the seller demanded the property on his part, or the purchaser ıclaimed adversely to the rights of the seller, and that the latter had knowledge of such claim or of such facts as would lead to knowledge, if inquiry was made. Therefore we are of the opinion that there is nothing upon which to base a finding that appellant was barred of recovery by the statute of limitations, or that appellant had waived his rights to treat the sale as a conditional one.

It follows that the judgment will be reversed, and the cause remanded for a new trial.