Clark v. Hagan.

Opinion delivered February 16, 1931.

J. H. Lookadoo and McMillan & McMillan, for appellant.

McElhannon & Callaway, for appellee.

SMITH, J. R. E. Hagan purchased from the United States Hoffman Machinery Company, a clothes pressing machine, for $535. A cash payment was made, and the balance was evidenced by notes, in which the title was reserved until this balance was paid. All deferred installments of payments evidenced by these notes then due had been paid when Hagan sold the machine to M. H. Corzine and P. B. Honea for $260, of which $70 was paid in cash, and the balance of $190 was evidenced by a note payable to Hagan's order, in which note title was reserved by Hagan until the full purchase price had been paid. As a part of the purchase price, Corzine and Honea also agreed to pay the balance of purchase money due by Hagan to the machine company.

Corzine. appears to have acquired the interest of Honea in some manner not explained, and thereafter to have sold the machine to Tom G. Clark, who, in turn, sold it to Clarence Evans and Noble Welch. Payments were made to Hagan by some one—the record is not clear by whom—until a balance of only $67.50 was due him upon the note given by Corzine and Honea.

While Clark was operating the pressing business, in connection with which the press was used, he paid the machinery company the balance of the purchase money due it by Hagan, the check reciting that it was "payment in full on machine bought by Majestic Cleaners," the name under which Hagan had operated the pressing business.

The balance of purchase money due Hagan remaining unpaid, he brought suit in replevin to recover the possession of the machine, making Clark, Evans and Welch parties defendant.

Upon a trial before a jury the following verdict was returned: "We, the jury, find for the plaintiff the possession of the press sued for, and find the balance due thereon to be $67.50," and upon this verdict a judgment was rendered that plaintiff recover possession of the machine, or its value in the sum of $67.50, and this appeal has been prosecuted to review that judgment.

The defendants asked instructions, which were refused, to the following effect: First, that if the machine company sold the last maturing notes retaining title to Clark, and he had not been repaid, the plaintiff could not recover possession of the machine from Clark. This instruction was properly refused. If it were of any importance that Clark, who had acquired Hagan's title in the manner stated, had purchased Hagan's notes from the machinery company—which we do not decide—it may be answered that the testimony shows a payment, and not a purchase, of this debt. Clark did not testify in the case, and there was no attempt to show that he was unaware of the agreement of his predecessors in title to pay this debt and that its assumption was a part of the purchase price. On the contrary, so far as the testimony speaks on this question at all, the inference is that Clark assumed the obligation of completing the payments to the machinery company, and had discharged that obligation.

Another instruction, which was refused, was to the effect that, if Clark had paid this balance of purchase money for his own benefit, he acquired such an equitable title in the machine that the plaintiff could not recover its possession from him. It may be assumed, even in the absence of testimony to that effect, that Clark completed the payments for his own benefit, but that benefit was to discharge the reservation of title by the machinery company, as the title of the company was, of course, unaffected by the sale of the machine by its vendee, and, as we have said, there was no testimony that he made the payments for any other purpose.

The question of law in the case is, whether Hagan had such title that he could sell and in the sale reserve that title to himself, inasmuch as his vendor had previously reserved the title. We answer this question by saying that he had.

In the case of *Clinton* v. *Ross*, 108 Ark. 442, 159 S. W. 1103, it was said: "In conditional sales of personal

property where the title is retained by the vendor until the purchase price is paid, the vendee acquires an interest that he can sell or mortgage without the consent of the vendor, but the vendor's right to recover the property if the purchase price is not paid is not prejudiced by such sale or mortgage. ('Citing cases).'' The following cases are to the same effect: *Haynes* v. *Gwinn*, 137 Ark. 392, 209 S. W. 67; *Estes* v. *Lamb & Co.*, 149 Ark. 375, 233 S. W. 99; *Fairbanks, Morse & Co.* v. *Parker*, 167 Ark. 658, 269 S. W. 42; *Loden* v. *Paris Auto Co.*, 174 Ark. 723, 296 S. W. 78.

In making this sale Hagan did not displace the reservation of title by his vendor, but he made the sale subject to that reservation. Hagan's sale, therefore, was subject to the reservation of title by his vendor, and so also was the sale by his vendee subject to the reservation of title in the sale by him.

Moreover, when this suit was brought the balance of purchase money originally due by Hagan had been paid to the machinery company and the retention of title by his vendor had been paid and cancelled.

We conclude, therefore, that the sales recited made subsequent to the sale by Hagan to Corzine and Honea were made subject to the reservation of title by Hagan, and that he has the right to recover the machine if the balance of purchase money due him is not paid, as the judgment provides may be done.

It follows therefore that the judgment must be affirmed, and it is so ordered.