LUMMUS COTTON GIN COMPANY *v.* DAGGETT.

Opinion delivered July 6, 1931.

*H. B. Mixon* and *Earl King,* for appellant.

*Smith & Fitzsimmons,* for appellee.

McHANEY, J. Appellant sold and delivered to Lem Banks and Soudan Mercantile Company certain cotton gin machinery in September, 1926, under a conditional sales contract by which title to the gin machinery was retained in it until two certain notes were paid, one due in January, 1927, and the other in January, 1928. Neither of said notes were paid. This machinery was installed in certain buildings owned by Banks and the Soudan company, located on Missouri Pacific Railway Company's right-of-way. In December, 1929, appellee purchased said buildings at an execution sale under a judgment against Banks and the Soudan company. The machinery was still in the building, but no claim was made by appellee to it. Shortly after acquiring title to the buildings, appellee notified appellant's agent that it would have to pay rent to keep the machinery in the building, at the rate of $40 or $50 per month. In October, 1929, appellant made a contract with Lee County Planting Company to sell the gin machinery to it, but such contract was never carried out. John W. Mann, as receiver, operated the Soudan plantation prior to the organization of the Lee County Planting Company; and rented the gin machinery at $1 per bale from appellant, with consent of Banks, the rentals to be applied on said notes. July 24, 1930, Banks and the Soudan company reconveyed the machinery to appellant on the return of the two unpaid purchase money notes, and on August 12, 1930, this suit was brought to collect $308 in rent, and a trial resulted in a verdict and judgment for $300.

A reversal is first sought on the ground that a directed verdict should have been given at appellant's re-

quest for the lack of any substantial evidence to support a verdict against it. The court, at appellant's request, correctly told the jury that, if it "did not actually retake possession and regain the use and control of the gin machinery until August 6, 1930," there was no occupation of the gin buildings by it, and no verdict could be returned against it; and that the mere fact that default was made in payment of the notes by Soudan Mercantile Company did not work a forfeiture of its right to possession, use and control of the machinery, but on the contrary it retained such right until appellant either demanded the property or repossessed it. This is true because the conditional vendee has an interest in the property which he can sell or mortgage. *Clinton v. Ross,* 108 Ark. 442, 159 S. W. 1103; *Loden v. Paris Auto Co.,* 174 Ark. 720, 296 S. W. 78. But we think the evidence, although meager, was sufficient to take the case to the jury, under the above instructions. If appellant retook possession after default in the payment of the last note on January 1, 1928, or after January 1, 1927, under the accelerating clause in such notes, it became liable to appellee for a reasonable rent after his purchase of the buildings, as the occupancy thereafter was its occupancy and not referable to Banks or the Soudan Mercantile Company. There being sufficient evidence to go to the jury on this question, its verdict is binding here.

Mr. Mann testified that in his opinion the reasonable rental value of the gin buildings was $40 or $50 per month. Appellant objected to this testimony for the reason that the witness did not qualify to give his opinion. He had lived there about a year, had been in charge of the property and operated it, and we think it sufficiently appears that he was qualified to give his opinion. Moreover, appellee had warned appellant that it would be expected to pay at that rate if it continued to occupy the building after December 21, 1929. It did so for nearly eight months thereafter. Nor do we think the verdict excessive. Appellant offered no evidence of the rental value, so the jury was justified in finding it to be ap-

proximately $40 per month. Neither the cost to appellee at the execution sale, nor its sale price to his vendee, furnishes a safe criterion for the rental value of the buildings.

Affirmed.